United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DAVID M. CATHCART, et al.,              No. C-09-5748 MMC

12            Plaintiffs,                     **ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANTS'
13       v.                                   MOTION TO DISMISS; VACATING
                                             APRIL 16, 2010 HEARING**
14   SARA LEE CORPORATION, et al.,

15            Defendants
     _____/

16

17          Before the Court is the Motion to Dismiss, filed February 17, 2010 by defendants

18   Sara Lee Corporation and Sara Lee Bakery Group.  Plaintiffs David M. Cathcart, James H.

19   Whitehead, Robert W. Decker, and Dale Baldisseri have filed opposition, to which

20   defendants have replied.  Having read and considered the papers filed in support of and in

21   opposition to the motion, the Court deems the matter suitable for decision thereon,

22   VACATES the hearing scheduled for April 16, 2010, and rules as follows.

23          1.  Contrary to defendants' argument, the First Claim for Relief, by which plaintiffs

24   assert a state law claim for failure to pay wages, is not subject to dismissal.  In particular, to

25   the extent plaintiffs' claim is based on an assertion that defendants violated state law by

26   failing to compensate plaintiffs at required overtime rates, either when such work was

27   performed or upon termination, plaintiffs' failure to allege facts to support a finding that

28   defendants have misclassified plaintiffs as "exempt[ ] from the requirement that an

overtime rate of compensation be paid pursuant to [the Labor Code]," see Eicher v. Advanced Business Integrators, Inc., 151 Cal. App. 4th 1363, 1371 (2007), is not a ground for dismissal.  Rather, "[t[he assertion of an exemption from the overtime laws is considered to be an affirmative defense," see Ramirez v. Yosemite Water Co., 20 Cal.4th 785, 794-95 (1999), and a plaintiff has no "obligation to anticipate [an affirmative] defense by stating in his complaint that the defendant [is not entitled to an affirmative defense]," see Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Further, to the extent the First Claim for Relief is based on plaintiffs' assertion that defendants failed to pay plaintiffs the minimum wage, plaintiffs have not failed to allege sufficient facts to state a claim.  The complaint alleges that plaintiffs were "made to work off-the-clock, causing them to be paid nothing at all for substantial amounts of work" (see Compl. ¶¶ 1, 22, 24); payment of "nothing at all" for work performed necessarily contemplates payment in an amount less than the minimum wage.[1]

2.  As plaintiffs concede, the Second Claim for Relief, by which plaintiffs allege defendants failed to provide plaintiffs with meal periods, is subject to dismissal for the reason plaintiffs do not allege they worked the requisite number of hours that would entitle them to meal breaks.  (See Pls.' Opp. at 7:22-24.)  Additionally, the Second Claim for Relief is subject to dismissal because, as defendants correctly argue, the complaint includes no facts to support plaintiffs' pleaded conclusion that defendants "violated [the] obligation" to provide meal breaks.  (See Compl. ¶ 32); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

---

[1]In their motion, defendants assert that neither defendant is plaintiffs' employer, but, rather, that the employer is "The Earthgrains Companies, Inc."  (See Defs.' at 1:27-28.)  In their opposition, plaintiffs assert that their respective wage statements identify the employer as "Sara Lee," and further assert that "The Earthgrains Companies, Inc." is not authorized to do business in California (see Pls.' Opp. at 3:12 - 4:4), the state in which plaintiffs allege they are or were employed.  Because the complaint alleges that each plaintiff was employed by the named defendants, the Court does not at this time consider any factual dispute that may exist as to the identity of plaintiffs' employer(s) and/or any entity's ability to do business in California.

3.  Contrary to defendants' argument, the Third Claim for Relief, by which plaintiffs allege defendants failed to provide plaintiffs with accurate wage statements, is not subject to dismissal.  As discussed above, plaintiffs have sufficiently alleged defendants failed to pay required overtime and, in some instances, failed to pay them any amount for work they performed.  Given such allegations, the wage statements provided to plaintiffs during the periods in which such work was performed necessarily would be inaccurate.  See Cal. Lab. Code § 226(a) (providing employer must provide "accurate itemized statement," including, inter alia, accurate statement of "net wages earned").

4. Contrary to defendants' argument, and for the reasons stated above with respect to the First Claim for Relief, plaintiffs' Fourth Claim for Relief, by which plaintiffs allege defendants violated federal law by failing to pay overtime and minimum wages, is not subject to dismissal.  See Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974) (noting "application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof").

5.  The Fifth Claim for Relief, by which plaintiffs allege defendants engaged in unlawful and unfair business practices in violation of § 17200 of the California Business & Professions Code, is, as pleaded, wholly derivative of the four claims for relief discussed above.  Accordingly, the Fifth Claim for Relief is subject to dismissal to the extent it is based on the Second Claim for Relief, but is not otherwise subject to dismissal.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED in part and DENIED in part, as follows:

1.  To the extent the motion seeks dismissal of the Second Claim for Relief, and dismissal of the Fifth Claim for Relief to the extent it based on the Second Claim for Relief, the motion is hereby GRANTED, and such claims are hereby DISMISSED with leave to amend.

2.  In all other respects, the motion is hereby DENIED.

//

//

1    3. If plaintiffs wish to file a First Amended Complaint, plaintiffs shall file their First

2  Amended Complaint no later than April 30, 2010.

3    **IT IS SO ORDERED.**

4

5  Dated: April 13, 2010

6                                              MAXINE M. CHESNEY
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4