MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
JEROME JAUFFRET (SBN 159135)
jjauffret@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendants
SARA LEE CORPORATION and
SARA LEE BAKERY GROUP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID M. CATHCART, JAMES H. WHITEHEAD, ROBERT W. DECKER, DALE BALDISSERI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SARA LEE CORPORATION, SARA LEE BAKERY GROUP, and DOES 1 through 20,<br><br>Defendants. | Case No. CV 09-5748 MMC<br><br>**SARA LEE CORPORATION'S AND SARA LEE BAKERY GROUP'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: December 8, 2009<br><br>The Honorable Maxine M. Chesney |

Defendants Sara Lee Corporation and Sara Lee Bakery Group (jointly, "Sara Lee") answer the First Amended Complaint ("FAC") of Plaintiffs David M. Cathcart, James H. Whitehead, Robert W. Decker, and Dale Baldisseri ("Plaintiffs") as follows:

## ANSWER

## INTRODUCTION AND CERTAIN DEFINITIONS[1]

1. Sara Lee admits that Plaintiffs seek "redress" for the wrongdoing alleged in Paragraph 1 of the FAC, but denies that it engaged in any such alleged wrongdoing and that Plaintiffs are entitled to any "redress" or any type relief for any such alleged wrongdoing, or any type of relief at all, and denies the remaining allegations contained in Paragraph 1 of the FAC.

2. Sara Lee admits that the persons described in Paragraph 2 of the FAC are described in the FAC as "Covered Employees." Sara Lee denies the remaining allegations contained in Paragraph 2 of the FAC.

3. Sara Lee admits the allegations contained in Paragraph 3 of the FAC.

4. Sara Lee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the FAC, and on that basis denies those allegations. Additionally, the allegations in Paragraph 4 of the FAC are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5. Sara Lee admits this Court has subject matter jurisdiction but states that the allegations contained in Paragraph 5 of the FAC are legal conclusions to which a response is not required.

6. The allegations contained in the first three sentences of Paragraph 6 of the FAC are legal conclusions to which a response is not required. Sara Lee admits that Plaintiffs performed at least part of their work in San Mateo and

---

[1] The headings and subheadings contained herein are taken verbatim from the FAC. To the extent such headings constitute allegations of wrongdoing against Sara Lee, they are denied.

Alameda Counties but otherwise denies the allegations contained in third sentence of Paragraph 6 of the FAC.

## PARTIES

7. Sara Lee admits the allegations in the first sentence of Paragraph 7 of the FAC. Sara Lee admits that Sara Lee Bakery Group is a Delaware corporation but denies that its principal place of business is in Illinois. Sara Lee denies the allegations contained in the fourth sentence of Paragraph 7 of the FAC.

8. Sara Lee is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 of the FAC, and on that basis denies those allegations. Sara Lee denies the allegations contained in the second sentence of Paragraph 8 of the FAC.

9. Sara Lee denies the allegations contained in Paragraph 9 of the FAC.

10. Sara Lee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the FAC, and on that basis denies those allegations.

11. Sara Lee denies the allegations contained in Paragraph 11 of the FAC.

## CLASS ALLEGATIONS

12. Sara Lee admits that Plaintiffs bring this action against Defendants as a class action and seek to represent the alleged class, but denies that class certification is appropriate and that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 12 of the FAC.

13. Sara Lee admits that Plaintiffs bring this action against Defendants as a class action and seeks to represent the alleged class, but denies that class certification is appropriate and that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 13 of the FAC.

14. The allegations contained in Paragraph 14 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 14 of the FAC alleges facts, Sara Lee denies the allegations.

15. The allegations contained in Paragraph 15 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 15 of the FAC alleges facts, Sara Lee denies the allegations.

16. The allegations contained in Paragraph 16 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 16 of the FAC alleges facts, Sara Lee denies the allegations.

17. The allegations contained in Paragraph 17 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 17 of the FAC alleges facts, Sara Lee denies the allegations.

18. The allegations contained in Paragraph 18 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 18 of the FAC alleges facts, Sara Lee denies the allegations.

19. The allegations contained in Paragraph 19 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 19 of the FAC alleges facts, Sara Lee denies the allegations.

20. The allegations contained in Paragraph 20 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 20 of the FAC alleges facts, Sara Lee denies the allegations.

21. The allegations contained in Paragraph 21 of the FAC are legal conclusions to which a response is not required. To the extent Paragraph 21 of the FAC alleges facts, Sara Lee denies the allegations.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

**(Against All Defendants for Failure to Pay Wages**

**as Required by California Labor Code § 1194 and IWC Wage Orders)**

22. In response to Paragraph 22 of the FAC, Sara Lee incorporates by reference its responses to Paragraphs 1 through 21 of the FAC.

23. Sara Lee denies the allegations contained in Paragraph 23 of the FAC.

24. Sara Lee denies the allegations contained in Paragraph 24 of the FAC.

25. Sara Lee denies the allegations contained in Paragraph 25 of the FAC.

26. Sara Lee denies the allegations contained in Paragraph 26 of the FAC.

27. Sara Lee denies the allegations contained in Paragraph 27 of the FAC.

28. Sara Lee denies the allegations contained in Paragraph 28 of the FAC as to Plaintiffs. Sara Lee lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC as to other Covered Employees, and on that basis denies those allegations.

29. Sara Lee denies the allegations contained in Paragraph 29 of the FAC.

30. Sara Lee denies the allegations contained in Paragraph 30 of the FAC.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

**(Against All Defendants for Failure to Provide Meal periods )**

31. In response to Paragraph 31 of the FAC, Sara Lee incorporates by reference its responses to Paragraphs 1 through 21 of the FAC.

32. Sara Lee denies the allegations contained in Paragraph 32 of the FAC.

33. Sara Lee denies the allegations contained in Paragraph 33 of the FAC.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

**(Against All Defendants for Failure to Furnish Itemized Wage Statements, Cal. Labor Code § 226)**

34. In response to Paragraph 34 of the FAC Sara Lee incorporates by reference its responses to Paragraphs 1 through 21 of the FAC.

35. Sara Lee denies the allegations contained in Paragraph 35 of the FAC.

36. Sara Lee denies the allegations contained in Paragraph 36 of the FAC.

37. Sara Lee denies the allegations contained in Paragraph 37 of the FAC.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

**(Against All Defendants for Overtime and Minimum Wages)**

38. In response to Paragraph 38 of the FAC, Sara Lee incorporates by reference its responses to Paragraphs 1 through 11 of the FAC.

39. Sara Lee admits that Plaintiffs bring this action against Defendants as a collective action and seek to represent the alleged class, but denies that class certification is appropriate and that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in Paragraph 39 of the FAC.

40. The allegations contained in the first sentence of Paragraph 40 of the FAC are legal conclusions to which a response is not required. To the extent the first sentence of Paragraph 40 of the FAC alleges facts, Sara Lee denies the allegations. Sara Lee denies the remaining allegations in Paragraph 40 of the Complaint.

41. Sara Lee admits that Plaintiffs bring this action against Defendants as a collective action pursuant to 29 U.S.C. § 216(b), but denies that certification of this action as a collective action is appropriate and that Plaintiffs are entitled to any relief, and otherwise denies the allegations contained in the first four sentences of Paragraph 41 of the FAC. The allegations contained in the fifth sentence of Paragraph 41 of the FAC are legal conclusions to which a response is not required. To the extent the fifth sentence of Paragraph 41 of the FAC alleges facts, Sara Lee denies the allegations. Sara Lee admits that documents purporting to be consents to sue are attached to the FAC, and otherwise denies the allegations contained in the sixth sentence of Paragraph 41 of the FAC.

42. Sara Lee admits the allegations contained in Paragraph 42 of the FAC.

43. Sara Lee denies the allegations contained in Paragraph 43 of the FAC.

44. Sara Lee denies the allegations contained in Paragraph 44 of the FAC.

45. Sara Lee denies the allegations contained in Paragraph 45 of the FAC.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

**(Against All Defendants for Violation of the California Unfair Competition Law, Business & Professions Code § 17500, et seq.)**

46. In response to paragraph 46 of the FAC, Sara Lee incorporates by reference its responses to Paragraphs 1 through 45 of the FAC.

47. Sara Lee denies the allegations contained in Paragraph 47 of the FAC.

48. Sara Lee denies the allegations contained in Paragraph 48 of the FAC.

49. Sara Lee denies the allegations contained in Paragraph 49 of the FAC.

## PRAYER FOR RELIEF

1. Sara Lee admits that Plaintiffs seek the requested relief and denies that Plaintiffs are entitled to any such relief.

2. To the extent not expressly admitted above, Sara Lee denies each and every allegation contained in the FAC.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations or conceding the burden of proof on any issue found to be an element of any of Plaintiffs' claims for relief rather than an element of any affirmative defense, Sara Lee alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Cause of Action)

1. The FAC, and each purported claim for relief asserted against Sara Lee, fails to allege facts sufficient to constitute a claim for relief against Sara Lee.

## SECOND AFFIRMATIVE DEFENSE
### (California Outside Sales Exemption)

2. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to pay statutory overtime compensation, the statutory minimum wage or statutory meal period payments, or for the purported failure to provide accurate wage statements, under the California Labor Code and the IWC Wage Orders because at all relevant times they satisfied the requirements of the California outside sales exemption in that they spent over 50% of their work time selling and/or obtaining orders for Sara Lee merchandise and performing related exempt sales duties away from Sara Lee's places of business, and a substantial part

of their compensation was based entirely on the amount of their sales of Sara Lee merchandise.

### THIRD AFFIRMATIVE DEFENSE
### (Federal Outside Sales Exemption)

3. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to pay statutory overtime compensation or the statutory minimum wage under the Fair Labor Standards Act because at all relevant times they satisfied the requirements of the federal outside sales exemption in that their primary duty was selling and/or obtaining orders for Sara Lee merchandise and related exempt sales duties away from Sara Lee's places of business, and a substantial part of their compensation was based entirely on the amount of their sales of Sara Lee merchandise.

### FOURTH AFFIRMATIVE DEFENSE
### (Labor Code § 514 California Overtime Exemption)

4. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to pay statutory overtime compensation, or for the purported failure to provide accurate wage statements, under the California Labor Code and the IWC Wage Orders because at all relevant times they were employed pursuant to the terms of a valid collective bargaining agreement that complies with the requirements of California Labor Code §514.

### FIFTH AFFIRMATIVE DEFENSE
### (California Motor-Carrier Exemption)

5. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to pay statutory overtime compensation, or for the purported failure to provide accurate wage statements, under the California Labor Code and

the IWC Wage Orders because at all relevant times they satisfied the motor-carrier exemptions set forth in section 3 of the applicable IWC Wage Order in that they, or some of them, drove trucks that weigh over 10,000 pounds on public highways to transport Sara Lee merchandise in interstate and/or intrastate commerce.

## SIXTH AFFIRMATIVE DEFENSE
### (Federal Motor Carrier Exemption)

6. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to pay statutory overtime compensation under the Fair Labor Standards Act because at all relevant times they satisfied the motor-carrier exemption set forth in section 13(b)(1) of the Fair Labor Standards Act in that they, or some of them, drove trucks that weigh over 10,000 pounds on public highways to transport Sara Lee merchandise in interstate commerce.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

7. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering liquidated damages from Sara Lee under the Fair Labor Standards Act or the California Labor Code because at all relevant times Sara Lee acted in good faith, including, without limitation, pursuant to the terms of a valid collective bargaining agreement negotiated with Plaintiffs' and the putative class' union, and in the good faith belief that Plaintiffs and the putative class were properly classified as exempt employees.

## EIGHTH AFFIRMATIVE DEFENSE
### (Meal Periods Provided)

8. Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any damages, penalties or any other type of relief from Sara Lee for the purported failure to provide statutorily required meal periods under the California Labor Code and the IWC Wage Orders because at all relevant times meal periods

satisfying all applicable statutory requirements were made available to them, and they were not prevented by Sara Lee from taking such meal periods.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

9.   Upon information and belief, Sara Lee alleges that some or all of Plaintiffs and the putative class are barred by the doctrine of waiver from recovering meal period payments under the California Labor Code and IWC Wage Orders because they waived some or all of their meal periods.

## TENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Waiting Time Penalties)

10.   Sara Lee alleges that Plaintiffs and the putative class are barred from recovering any waiting time penalties under the California Labor Code for the purported failure to timely pay terminated Plaintiffs and/or members of the putative class all wages due and payable at the time of their termination because there are good faith disputes based in law and/or fact that any such wages were due at the time of their termination, including, without limitation, the disputes set forth in the responses made and affirmative defenses asserted in this Answer.

## ELEVENTH AFFIRMATIVE DEFENSE
### (LMRA Preemption and Failure to Pursue CBA Remedies)

11.   Because, as alleged in the second through tenth affirmative defenses above, Plaintiffs and the putative class were employed pursuant to the terms of a valid collective bargaining agreement, were exempt from California and federal statutory overtime and minimum wage compensation, were provided statutorily required meal periods, were provided accurate wage statements, and were not entitled to recover waiting time penalties, their claims, if any remain, arise solely from the terms of the collective agreement, and, accordingly, such claims are preempted by Section 301 of the Labor Management Relations Act and subject to the grievance and arbitration procedures and remedies set forth in the collective

bargaining agreement that preclude Plaintiffs and the putative class from proceeding with or participating in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

12. Upon information and belief, Sara Lee alleges that Plaintiffs and the putative class have unreasonably failed to use preventative and corrective measures provided (including, without limitation, the measures provided in the collective bargaining agreement) at or within a reasonable time after the occurrence of the violations alleged in the FAC, and to the extent of such failure, any damages awarded should be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13. Upon information and belief, Sara Lee alleges that Plaintiffs and the putative class failed to mitigate their alleged damages by unreasonably failing to use preventative and corrective measures provided (including, without limitation, the measures provided in the collective bargaining agreement) at or within a reasonable time after the occurrence of the violations alleged in the FAC, and to the extent of such failure to mitigate, any damages awarded should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14. Upon information and belief, Sara Lee alleges that the FAC and each purported claim for relief alleged therein is barred by the doctrine of laches because Plaintiffs and the putative class have unfairly prejudiced Sara Lee's ability to defend those claims for relief by unreasonably failing to use preventative and corrective measures provided (including, without limitation, the measures provided in the collective bargaining agreement), and by unreasonably failing to bring those

claims for relief in court, at or within a reasonable time after the occurrence of the violations alleged in the FAC.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

15. Upon information and belief, Sara Lee alleges that the FAC and each purported claim for relief alleged therein is barred by the doctrine of estoppel because Plaintiffs and the putative class have unfairly prejudiced Sara Lee's ability to defend those claims for relief by unreasonably failing to use preventative and corrective measures provided (including, without limitation, the measures provided in the collective bargaining agreement), and by unreasonably failing to bring those claims for relief in court, at or within a reasonable time after the occurrence of the violations alleged in the FAC.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Intervening Acts And/Or Omissions)

16. Upon information and belief, Sara Lee alleges that all or part of the damages alleged in the FAC were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiffs and the putative class, including, without limitation, their unreasonable failure to use preventative and corrective measures provided), and for whose conduct Sara Lee is not legally responsible, which intervened between the alleged acts and/or omissions of Sara Lee and the alleged damages. The alleged damages, if any, are therefore not recoverable from Sara Lee. In the alternative, any damages which Plaintiffs or the putative class may be entitled to recover against Sara Lee must be reduced to the extent that such damages are attributable to persons or entities other than Sara Lee (including, without limitation, Plaintiffs and the putative class).

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault or Offset)

17. Upon information and belief, Sara Lee alleges that all or part of the damages alleged in the FAC were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiffs and the putative class, including, without limitation, their unreasonable failure to use preventative and corrective measures provided), and for whose conduct Sara Lee is not legally responsible. Therefore, if Plaintiffs or the putative class are found to be entitled to recover any damages, Sara Lee's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities (including, without limitation, Plaintiffs and the putative class) other than Sara Lee.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 2856)

18. Upon information and belief, Sara Lee alleges that all or part of the damages alleged in the FAC were caused by Plaintiffs' and the putative class' failure to comply with the directions of Sara Lee, including, without limitation, their unreasonable failure to use preventative and corrective measures provided. Therefore, if Plaintiffs or the putative class are found to be entitled to recover any damages, Sara Lee's share thereof must be apportioned or reduced to the extent that such damages are attributable to the failure of Plaintiffs and the putative class to comply with the directions of Sara Lee.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 2857)

19. Upon information and belief, Sara Lee alleges that all or part of the damages alleged in the FAC were caused by Plaintiffs' and the putative class' failure to perform their duties in conformance with the usage at Sara Lee, including, without limitation, their unreasonable failure to use preventative and

-12-

corrective measures provided. Therefore, if Plaintiffs or the putative class are found to be entitled to recover any damages, Sara Lee's share thereof must be apportioned or reduced to the extent that such damages are attributable to the failure of Plaintiffs and the putative class to perform their duties in conformance with the usage at Sara Lee.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Justification Or Privilege)

20. Sara Lee's alleged actions, if done at all, were justified and/or privileged since, at all relevant times herein, Sara Lee acted in accordance with Sara Lee's corporate and administrative policies, with a valid collective bargaining agreement, and with all applicable laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

21. Sara Lee alleges that no damages are recoverable by Plaintiffs or the putative class to the extent the FAC and each purported cause of action alleged therein is barred, in whole or in part, by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure §§ 337, 338 and 340, California Business & Professions Code § 17208, and 29 U.S.C. § 255.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Legal Remedies Adequate)

22. Upon information and belief, Plaintiffs' and the putative class' request for injunctive relief is barred because there are adequate legal remedies available to Plaintiffs and the putative class.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Subsequently Discovered Defense)

23. Sara Lee alleges that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

## **SARA LEE'S PRAYER FOR RELIEF**

WHEREFORE, Sara Lee prays for judgment as follows:

1. That Plaintiffs and the putative class take nothing from Sara Lee by their FAC;

2. That the FAC and each purported cause of action therein be dismissed with prejudice;

3. That Sara Lee be awarded its costs (including any attorneys' fees and expert fees to the extent permitted by applicable law) incurred in its defense of this action; and

4. For such other and further relief as the Court deems just and proper.

Dated: April 27, 2010

MAYER BROWN LLP
JOHN NADOLENCO
JEROME M. JAUFFRET

By: /s/ *John Nadolenco*
     John Nadolenco

Attorneys for Defendants
SARA LEE CORPORATION and
SARA LEE BAKERY GROUP