| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | JOHN NADOLENCO (SBN 181128) |
| 2 | jnadolenco@mayerbrown.com |
| | JEROME JAUFFRET (SBN 159135) |
| 3 | jjauffret@mayerbrown.com |
| | KRISTEN ROWSE (SBN 235294) |
| 4 | krowse@mayerbrown.com |
| | 350 South Grand Avenue |
| 5 | 25th Floor |
| | Los Angeles, CA  90071-1503 |
| 6 | Telephone:  (213) 229-9500 |
| | Facsimile:   (213) 625-0248 |
| 7 | |
| | Attorneys for Defendants |
| 8 | SARA LEE CORPORATION, |
| | SARA LEE BAKERY GROUP |
| 9 | and EARTHGRAINS BAKING |
| | COMPANIES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID M. CATHCART, JAMES H. WHITEHEAD, ROBERT W. DECKER, DALE BALDISSERI, individually, and on behalf of all others similarly situated,, | Case No. CV 09-5748 MMC |
| | **STIPULATION FOR PROTECTIVE ORDER** |
| Plaintiff, | |
| | [PROPOSED] **ORDER** |
| v. | |
| | Complaint Filed:  December 8, 2009 |
| SARA LEE CORPORATION, SARA LEE BAKERY GROUP, EARTHGRAINS BAKING COMPANIES, INC. (formerly sued as DOE 1) and DOES 2 through 20, | The Honorable Maxine M. Chesney |
| Defendants. | |

1      WHEREAS Defendants Sara Lee Corporation, Sara Lee Bakery Group, and Earthgrains Baking Companies, Inc. ("Defendants") contend that discovery in this Action may require production of trade secrets or confidential, sensitive, or proprietary materials and information, which if disclosed, may cause competitive harm to the party producing the materials and information; and

       WHEREAS Defendants contend that such confidential and proprietary materials and information consist of, among other things, business or financial information, information regarding confidential or sensitive business practices, or other confidential research, development, or commercial information (including information on advertising, strategy, employee pay, customer identification, private employee information, and information implicating privacy rights of third parties);

       NOW THEREFORE, IT IS HEREBY STIPULATED by and among the Parties to this Action, through their respective counsel, as follows:

       1.     In connection with discovery proceedings in this action, any Party may, in good faith, designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively referred to as "Designated Material"), under the terms of this Stipulated Protective Order (the "Protective Order").

       2.     The term "CONFIDENTIAL" shall be used to designate confidential materials and information that may consist of, among other things, business or financial information, information regarding confidential or sensitive business practices, or other confidential research, development, or commercial information (including information on advertising, strategy, employee pay, customer identification, private employee information, and information implicating privacy rights of third parties) that the disclosing party or nonparty ("Producing Party" or "Source") reasonably believes has not been made public and the disclosure of which will have the potential effect of causing harm to the person, firm, partnership, corporation, or to the organization from which the information was obtained.  Materials designated as "CONFIDENTIAL," shall be used only for the purpose of the prosecution, defense, or settlement

1  of this action, and for no other purpose. By designating information "CONFIDENTIAL," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

3. The designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to trade secrets and proprietary materials that the Source reasonably believes has not been made public and the disclosure of which will have the potential effect of causing material harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. By designating information "CONFIDENTIAL – ATTORNEYS' EYES ONLY," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

4. Designated Materials shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing party.

5. Testimony taken at a deposition may be designated as Confidential or Confidential – Attorneys' Eyes Only Material by making a statement to that effect on the record at the deposition or by providing notice of such designation within 30 days of the completion of the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. Information designated as "CONFIDENTIAL" may be disclosed or made

available only to the Court and its personnel (subject to provisions for filing under seal or lodging set forth below), outside counsel for any Party including their associates, paralegals and clerical personnel, the Parties, including employees and agents of the Parties, in-house counsel of the parties who are involved in the management of the proceeding, and to the following "Qualified Persons":

  a. Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, experts), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation;

  b. Any court reporters who takes testimony, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation; or

  c. A witness at any deposition or other proceeding is this action; and

  d. Any other person as to whom the parties in writing agree.

 7. Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed, or made available only to the Court and its personnel (subject to provisions for filing under seal or lodging set forth below), outside counsel for any Party including their associates, paralegals and clerical personnel, and to the "Qualified Persons" designated above in subparagraphs a through d.

 8. Prior to receiving any Designated Materials, each "Qualified Person" shall execute an agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit "A," a copy of which shall be provided forthwith to counsel for each other Party or for the Parties;

 9. This Protective Order shall be binding upon the Parties (including all employees and agents of the Parties), outside counsel for any Party (including their associates, paralegals and clerical personnel), in-house counsel of the parties who are involved in the management of the proceeding, and all "Qualified Persons" who, pursuant to the preceding paragraph, have executed an agreement to be bound by the terms of this Protective Order. No person or entity upon whom this Protective Order is binding shall use materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for any purpose

1  other than in connection with the Action.

2  10. All documents that are designated "CONFIDENTIAL" or "CONFIDENTIAL –
3  ATTORNEYS' EYES ONLY" by any Party that are filed with the Court, marked as an exhibit at
4  a deposition, or otherwise provided to any other Party or counsel in the Action for any purpose
5  shall be filed under seal pursuant to Northern District of California Local Rule 79-5 and General
6  Order No. 62, or shall be lodged but not filed, until further order of this Court.  This Section shall
7  not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

8  11. Nothing in this Protective Order shall prevent any Party from disclosing its own
9  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  documents as it
10 deems appropriate.  However, the restrictions set forth in this Order shall not apply to
11 information that is public before the date of its transmission to the receiving Party, or which
12 becomes known to the public after the date of its transmission to the receiving Party, provided
13 that such information does not become publicly known by any act or omission of the receiving
14 Party, its employees, or its agents which would be in violation of this Protective Order.

15 12. Should either Party believe that the other Party has inappropriately designated or
16 is inappropriately designating documents or information "CONFIDENTIAL" or
17 "CONFIDENTIAL – ATTORNEYS' EYES ONLY", or otherwise wishes to be relieved of
18 obligations under this Order, it may petition the Court to be relieved of its obligations upon ten
19 (10) days' written notice to the other Party.  Until the Court rules on the motion, Designated
20 Materials shall continue to be treated and designated as confidential.  It shall be the burden of the
21 party who makes the designation to demonstrate that the material or information at issue was
22 properly designated.

23 13. If a Party in possession of Designated Materials receives a subpoena from a non-
24 party to this Stipulation and Order seeking production or other disclosure of Designated
25 Materials, he or she shall immediately give written notice to counsel for the Party who
26 designated the Confidential or Confidential – Attorneys' Eyes Only Materials, stating the
27 Designated Materials sought and enclosing a copy of the subpoena.  At least 10 days notice
28 before production or other disclosure must be given unless the non-party has obtained an order of

1  a court of competent jurisdiction compelling production within 10 days.  In that event, no
2  production or disclosure shall be made before telephonic notice is given and, whenever possible,
3  sufficiently in advance of production or disclosure to afford the Party to whom such notice has
4  been given at least three business days to take appropriate action, including seeking judicial
5  relief.

6  14. Within 60 days of the final resolution of this Action, including appeals, all Parties
7  and persons to whom any Designated Materials have been disclosed or provided shall either
8  return them to the Producing Party or destroy all such Designated Material, in which event the
9  Party or person in possession of the Designated Material shall give written certification of such
10  destruction to Counsel for the Producing Party;  provided, however, that this obligation shall not
11  extend to any Designated Material included in conformed copies of materials filed with the
12  Court.  Notwithstanding the preceding paragraph, the attorney of record for any Party may retain
13  an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence,
14  papers filed with the court, discovery, discovery responses, documents produced in formal or
15  informal discovery, and attorney work product, even if such materials contain Confidential or
16  Confidential – Attorneys' Eyes Only Material.  Any such archival copies that contain or
17  constitute Confidential or Confidential – Attorneys' Eyes Only Material remain subject to this
18  Protective Order.

19  15. Neither the taking of any action in accordance with the provisions of this
20  Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or
21  defense in this Action.  The entry of this Protective Order shall not be construed as a waiver of
22  any right to object, on any other grounds, to the furnishing of information or documents in
23  response to discovery or to obtain information or documents in discovery,  and, except as
24  expressly provided, shall not relieve any Party of the obligation to produce information or
25  documents in the course of discovery.

26  16. This Protective Order shall not prevent any Party from applying to the Court for
27  relief therefrom, or from applying to the Court for further or additional protective orders, or from
28  agreeing to modify this Protective Order, subject to the approval of the Court.

17. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

18. If a Party through inadvertence or otherwise produces or provides discovery of any Confidential or Confidential – Attorneys' Eyes Only Materials without designating it as such in accordance with this Protective Order, the Producing Party may give written notice to the Party or Parties that have received the Designated Materials that the document(s), information, response, testimony or other discovery are Confidential or Confidential – Attorneys' Eyes Only Materials and should be treated as confidential in accordance with the provisions of this Protective Order. The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received. The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

IT IS SO STIPULATED.

DATED: October 27, 2010

MAYER BROWN LLP
JOHN NADOLENCO, JEROME JAUFFRET
KRISTEN ROWSE
By: _____/s/ John Nadolenco_____
John Nadolenco
Attorneys for Defendants
SARA LEE CORPORATION, SARA LEE BAKERY GROUP and EARTHGRAINS BAKING COMPANIES, INC.

DATED: October 27, 2010

SPIRO MOSS LLP
By: _____/s/ Ira Spiro_____
Ira Spiro
Attorneys for Plaintiffs

## [proposed] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED, provided that no document or portion thereof submitted for filing will be filed under seal absent a separate request, made upon an individualized showing of good cause in accordance with Civil Local Rule 79-5, and a separate order providing for the sealing of such document(s).

DATED: November 3, 2010

MAXINE M. CHESNEY
United States District Judge

**EXHIBIT A**

NON-DISCLOSURE AGREEMENT

I, _____, do solemnly affirm that I am fully familiar with the terms of the stipulated protective order in *David Cathcart v. Sara Lee Corporation*, pending before the United States District Court for the Northern District of California, Civil Action No. CV 09-5748 MMC, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____        _____
                               Signature

                               _____
                               PRINT NAME