1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  jnadolenco@mayerbrown.com
   JEROME JAUFFRET (SBN 159135)
3  jjauffret@mayerbrown.com
   KRISTEN ROWSE (SBN 235294)
4  krowse@mayerbrown.com
   350 South Grand Avenue, 25th Floor
5  Los Angeles, CA  90071-1503
   Telephone:   (213) 229-9500
6  Facsimile:    (213) 625-0248

7  Attorneys for Defendants
   SARA LEE CORPORATION and
8  SARA LEE BAKERY GROUP and
   EARTHGRAINS BAKING
9  COMPANIES, INC.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  DAVID M. CATHCART, JAMES         Case No. CV 09-5748 MMC
    H. WHITEHEAD, ROBERT W.
16  DECKER, DALE BALDISSERI,         **DEFENDANTS' NOTICE OF MOTION
    individually, and on behalf of all   AND MOTION FOR PARTIAL
17  others similarly situated,        SUMMARY JUDGMENT ON
                                      PLAINTIFFS' STATE LAW
18              Plaintiff,            OVERTIME CLAIMS;
                                      MEMORANDUM OF POINTS AND
19      v.                            AUTHORITIES**

20  SARA LEE CORPORATION,            **ORAL ARGUMENT REQUESTED**
    SARA LEE BAKERY GROUP,
21  EARTHGRAINS BAKING               Date:        October 7, 2011
    COMPANIES, INC. (formerly sued   Time:        9:00 a.m.
22  as DOE 1) and DOES 2 through 20,  Location:   Courtroom 7, 19th Floor
                                      Judge:       Hon. Maxine M. Chesney
23              Defendants.
                                     Complaint filed: December 8, 2009
24
                                     [Filed concurrently with Declarations of
25                                   Steven Waltz and John Nadolenco; Request
                                     for Judicial Notice]
26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    FACTUAL BACKGROUND ....................................................................... 1

       A.     The Relevant Allegations ................................................................ 1

       B.     The Collective Bargaining Agreements .......................................... 2

              1.     Hours of Work ...................................................................... 2

              2.     Compensation ....................................................................... 3

              3.     Overtime Payments .............................................................. 4

III.   SARA LEE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON
       PLAINTIFFS' FIRST CLAIM FOR RELIEF BECAUSE OF CALIFORNIA'S
       CBA-BASED EXEMPTION ....................................................................... 4

       A.     The CBAs Expressly Provide for Plaintiffs' Wages, Hours of Work and
              Working Conditions ........................................................................ 6

       B.     The CBAs Provide for Regular Rates of Pay that Exceed the California
              Minimum Wage by More Than 30% ................................................ 7

       C.     The CBAs Provide Premium Rates for All Overtime Worked .......... 9

IV.    CONCLUSION .......................................................................................... 12

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3    **CASES**

4    *Anderson v. Liberty Lobby, Inc.*,
5        477 U.S. 242 (1986) ............................................................................. 5

6    *Celotex Corp. v. Catrett*,
7        477 U.S. 317 (1986) ............................................................................. 5

8    *Farrakhan v. Gregoire*,
9        590 F.3d 989 (9th Cir. 2010) ............................................................... 5

10   *Firestone v. Southern Cal. Gas Co.*,
     219 F.3d 1063 (9th Cir. 2000) .............................................................. 6

11
12   *In re Bimbo Bakeries USA FLSA Actions*,
     Case No. C 05-00829 JW (N.D. Cal. October 24, 2008), Dkt. No. 404 ............. 9

13   *Leonard v. Bimbo Bakeries USA Inc.*,
14       Case No. 05-CV-00829 JW (N.D. Cal. September 28, 2007), Dkt. 291 .......... 10

15   *Lujan v. Southern Cal. Gas Co.*,
16       96 Cal. App. 4th 1200 (2002) .................................................... 6, 10, 12

17   *Nelson v. Pima Cmty. Coll.*,
18       83 F.3d 1075 (9th Cir. 1996) ................................................................ 5

19   **STATUTES**

20   8 Cal. Code Regs. § 11000 ........................................................................ 7

21   8 Cal. Code Regs. § 11010, *et seq.* ........................................................ 5, 7, 9, 12

22   Cal. Labor Code §§ 70-74, § 1173, *et seq.* ................................................. 5

23   Cal. Labor Code § 510(a) ................................................................... 5, 9, 12

24   Cal. Labor Code § 514 ...................................................................... passim
25
26   Cal. Labor Code § 515(d) ........................................................................ 8

27   Cal. Labor Code § 1182.12 ...................................................................... 7

28   Cal. Labor Code § 1194 ..................................................................... 2, 12

ii

1

**OTHER AUTHORITIES**

2

Fed. R. Civil Procedure. 56(a) ....................................................................................... 4

3

Fed. R. Civil Procedure 56(c) ........................................................................................ 4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. CV 09-5748 MMC

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 7, 2011, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, Courtroom 7, Nineteenth Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Maxine M. Chesney, Defendants Sara Lee Corporation, Sara Lee Bakery Group and Earthgrains Baking Companies, Inc. (collectively, "Sara Lee") will, and hereby do, move this Court, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for an Order granting partial summary judgment in their favor on the First Claim for Relief for failure to pay overtime compensation in violation of California Labor Code § 1194 in the Second Amended Complaint.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, Declarations of Steven Waltz and John Nadolenco, and Request for Judicial Notice filed in support thereof, the papers and documents on file in this action, the arguments of counsel, and such other further matters as this Court may consider.

DATED:  August 19, 2011

MAYER BROWN LLP
JOHN NADOLENCO
JEROME JAUFFRET
KRISTEN ROWSE


By: /s/ John Nadolenco
        John Nadolenco
Attorneys for Defendants
SARA LEE CORPORATION, SARA LEE
BAKERY GROUP and EARTHGRAINS
BAKING COMPANIES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

California law has long given collective bargaining units the freedom to seek from employers higher premium pay than provided by state law.  Thus, California Labor Code § 514 provides a specific exemption from California's general overtime rules for employees covered by collective bargaining agreements (CBAs) that address wages, hours of work and working conditions if the CBAs also provide for premium pay for overtime hours at a regular rate at least 30% above the state's minimum wage.

That exemption applies here.  The undisputed evidence shows that the union that represented Plaintiffs during the relevant time sought and obtained CBAs that, in great detail, address wages, hours of work and working conditions.  The CBAs also undisputedly provide premium wage rates for overtime hours at regular rates of at least 30% above the state minimum wage.  Nonetheless, Plaintiffs' First Claim for Relief seeks to recover supposedly unpaid overtime under California law.  But since Labor Code § 514 applies, Plaintiffs' First Claim for Relief fails as a matter of law.

## II.    FACTUAL BACKGROUND

### A.    The Relevant Allegations

Plaintiffs David M. Cathcart, James H. Whitehead and Dale Baldisseri were Route Sales Representatives (RSRs)[1] or Driver-Salesmen for Defendants Sara Lee Corporation, Sara Lee Bakery Group, Inc. and The Earthgrains Baking Companies, Inc. (collectively, "Sara Lee").[2]  Declaration of Steven Waltz ("Waltz Decl.") ¶ 3.

---

[1]  Defendants refer to Plaintiffs' positions as Route Sales Representatives.  One of the applicable CBAs refers to Plaintiffs' positions as "Driver-Salesmen."  (*See* Section B.2, *infra*.)  For purposes of this motion, Plaintiffs are referred to as "RSRs."

[2]  Plaintiffs allege that Defendants are their joint employers.  Second Amended Complaint ¶ 7.  Defendants deny this allegation and contend that Plaintiffs are employees of The Earthgrains Baking Companies, Inc., but not employees of the other Defendants.  However, this motion assumes, without conceding, that Plaintiffs

(cont'd)

1    Plaintiff Robert Decker still is an RSR for Sara Lee.  *Id.* ¶ 4.  In a nutshell, RSRs

2    sell Sara Lee products to various third parties, including supermarkets, big-box

3    stores like Wal-Mart, and restaurants.  *Id.* ¶ 5.

4         Plaintiffs brought this action claiming, *inter alia*, that they are owed state and

5    federal overtime, and that they missed meal periods.  More specifically, Plaintiffs'

6    First Claim for Relief (Second Amended Complaint  ¶¶ 22-30) alleges that

7    Plaintiffs worked over 40 hours a week and 8 hours a day without proper overtime

8    compensation under California Labor Code § 1194 (*id.* ¶¶ 23, 25).

9         **B.    The Collective Bargaining Agreements**

10        At all relevant times, Plaintiffs were union members whose pay and hours of

11   work were governed by one or both CBAs between Earthgrains (the company that

12   employed Plaintiffs and issued their paychecks) and Plaintiffs' union:  (1) a 2005

13   CBA effective from April 15, 2005 through October 2, 2010 (the "2005 CBA"); and

14   (2) the current 2010 Collective Bargaining Agreement, which is effective from

15   October 3, 2010 through September 28, 2013 (the "2010 CBA").  Waltz Decl. ¶ 6,

16   Exs. A and B.

17        As discussed below, both the 2005 and 2010 CBAs address Plaintiffs' wages,

18   hours of work and working conditions.

19             1.    Hours of Work

20        Section 5.D.1 addresses work hours, providing that an RSR's work day may

21   not begin before 4:00 a.m. or end later than 5:00 p.m., "with a maximum of eleven

22   (11) hours overall clock time (including meal period) per day."   Waltz Decl. Exs. A

23   and B (§ 5.D.1).

24        Section 5.A of the CBAs also addresses hours worked.  That section provides

25   that a "day's work" is "[e]ight (8) hours or less … which shall be completed within

26   ───────────────────────
     are jointly employed by all the Defendants.  Partial summary judgment is
27   appropriate as to all the Defendants regardless of whether they are Plaintiffs'
     employers since, if Labor Code § 514 provides an exemption based on the
28   applicable CBAs, it does so as to any entity that is or may be Plaintiffs' employer.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. CV 09-5748 MMC

a consecutive period of nine (9) hours." It also provides that all time worked over 45 hours per week, as shown in the time records, must be paid at the overtime rate defined in Section 9.A. Relatedly, Section 5.A states that "[i]t is understood that overall clock time shall include one hour per day for meal period and personal time." *Id.* ¶ 9, Exs. A and B (§ 5.A). As a result, overtime is paid after 40 hours of work a week, or 45 hours of clocked time. *Id.*

Section 5.A also reduces the hours threshold for overtime payments in holiday weeks when RSRs do not work a full five days. In weeks when RSRs work only 4 days, overtime is paid after 32 worked hours, or 36 clocked hours—instead of after 40 worked hours, or 45 clocked hours, in a regular week. *Id.* at Exs. A and B (§ 5.A).

### 2.   Compensation

RSRs are paid both a weekly base rate and commissions. Section 10.A of the CBAs addresses base rates. In the 2005 CBA, the base rates for RSRs were:

| Effective Date | Weekly base rate |
|---|---|
| 10/2/2005 | $494 |
| 10/1/2006 | $486 |
| 9/30/2007 | $476 |
| 9/28/2008 | $496 |
| 10/4/2009 | $516 |

*Id.* at Ex. A (§10.A).

And in the 2010 CBA, those base rates were increased:

| Effective Date | Weekly base rate |
|---|---|
| 10/3/2010 | $546 |
| 10/2/2011 | $576 |
| 9/30/2012 | $606 |

*Id.* at Ex. B (§ 10.A).

In addition to their weekly base rates, Section 11 of the CBAs addresses the commissions RSRs earn on their sales.  *Id.* at Exs. A and B (§ 11).  These commissions are substantial; in almost all work weeks, Plaintiffs earned commissions that easily exceeded their weekly base amount.  *Id.* at Exs. C-F (Plaintiffs' payroll statements).

### 3.      Overtime Payments

Section 9.A of the CBAs addresses overtime payments:  "**[a]ll hours worked in excess of those provided for in this agreement shall be paid at the overtime rate.**"  *Id.* at Exs. A and B (§ 9.A) (emphasis added).  Under the 2005 CBA, overtime rates were $20.20 an hour effective October 2, 2005, $20.70 per hour effective September 28, 2008, and $21.20 per hour effective October 4, 2009.  In the 2010 CBA, the applicable overtime rate is $21.20 per hour.  "The payment of overtime shall be based upon time clock records maintained by the Employer."  *Id.* at Exs. A and B (§ 9.A).

In a complement to Section 5.A's provisions for reduced hours, Section 9.A reduces the threshold for triggering overtime payments in weeks when RSRs miss one or more regular days of work.  In those weeks, each day off "shall reduce the weekly work time requirement by one-fifth (1/5) in figuring overtime pay."  *Id.* at Exs. A and B (§ 9.A).

## III.      SARA LEE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' FIRST CLAIM FOR RELIEF BECAUSE OF CALIFORNIA'S CBA-BASED EXEMPTION.

"A party may move for summary judgment, identifying each claim . . . , or the part of each claim . . . , on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*  Summary judgment is mandated under Rule 56(c) "against a party who fails to make a showing sufficient to establish the existence of an element

4

1   essential to that party's case, and on which that party will bear the burden of proof

2   at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving

3   party meets its initial burden of pointing out the absence of evidence to support the

4   nonmoving party's case, the burden shifts to the nonmoving party to show that there

5   is a genuine issue for trial under the governing substantive law.  *Anderson v. Liberty*

6   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In reviewing the evidence on a summary

7   judgment motion, only "reasonable inferences" must be drawn to the benefit of the

8   non-moving party,  *Farrakhan v. Gregoire*, 590 F.3d 989, 1003 (9th Cir. 2010),

9   because "mere allegation and speculation do not create a factual dispute for

10   purposes of summary judgment," *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-

11   82 (9th Cir. 1996).

12          Here, Sara Lee is entitled to summary judgment on Plaintiffs' First Claim for

13   Relief.  In that claim, Plaintiffs allege that they are owed overtime under California

14   law.  Under the California Labor Code and Industrial Wage Commission ("IWC")[3]

15   Wage Orders, nonexempt employees are entitled to overtime if they work over (a) 8

16   hours in one work day, or (b) 40 hours in a work week.  Cal. Labor Code § 510(a);

17   8 Cal. Code Regs. § 11010, *et seq.* (IWC Wage Orders, § 3).

18          Labor Code § 514, however, provides an exemption from these general

19   overtime laws:

20          [General overtime laws] do not apply to an employee covered by a
            valid collective bargaining agreement if the agreement expressly
21          provides for the wages, hours of work and working conditions of the
            employees, and if the agreement provides premium wage rates for all
22          overtime hours worked and a regular rate of pay for those employees
            of not less than 30 percent more than the state minimum wage.
23

24

25

---

26   [3]  The IWC is the state agency within the State of California's Department of
     Industrial Relations that is charged with implementing the wage-hour provisions of
27   the Labor Code.   It issues Minimum Wage and Wage Orders pursuant to
     administrative procedures set forth in the Labor Code.  *See* Cal. Labor Code §§ 70-
28   74, § 1173, *et seq.*

1   This overtime exemption allows employees to negotiate alternative overtime

2   compensation schemes than the one provided by the state.  *Firestone v. Southern*

3   *Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000); *Lujan v. Southern Cal. Gas Co.*,

4   96 Cal. App. 4th 1200, 1212 (2002).  And it "eliminates the specific premium wage

5   rates set out in subdivision 3(A) [of the Wage Orders] and authorizes the parties to

6   negotiate *whatever premium wage* rates above the regular rate of pay they may

7   deem appropriate for the broad range of hours constituting overtime work."  *Lujan*,

8   96 Cal. App. 4th at 1212 (emphasis added).

9        Here, Sara Lee's RSRs bargained for just such an alternative overtime

10   compensation scheme.  The applicable CBAs expressly address Plaintiffs' wages,

11   hours of work and working conditions—in fact, the CBAs address virtually every

12   aspect of Plaintiffs' employment.  The CBAs also provide premium wage rates for

13   all overtime hours worked and a regular rate of pay for RSRs of at least 30% more

14   than the state minimum wage.  Therefore, this Court should grant Sara Lee partial

15   summary judgment on Plaintiffs' state overtime claim given Labor Code § 514's

16   overtime exemption.

17   **A.    The CBAs Expressly Provide for Plaintiffs' Wages, Hours of Work**

18   **and Working Conditions.**

19        There is no dispute that Plaintiffs are—or were—subject to the 2005 and

20   2010 CBAs during the relevant time.  Declaration of John Nadolenco Ex. A

21   (Decker Dep. Tr.) at 23:4-13, Ex. B (Baldisseri Dep. Tr.) at 74:25-75:4, Ex. C

22   (Cathcart Dep. Tr.) at 36:3-18; Waltz Decl. ¶ 6.  The 2005 and 2010 CBAs

23   indisputably satisfy Labor Code § 514's requirement that "the agreement expressly

24   provides for the wages, hours of work and working conditions of the employees."

25   These agreements, both 52 pages in length, cover numerous details of Plaintiffs'

26   employment, including, but not limited to, regular and overtime wages (sections 9,

27   10), hours of work (sections 4, 5), commissions (section 11), use of time clocks

28   (section 8), expense allowances (section 13), rules on bidding for routes (section 7),

6

1   vacation (section 21), holidays (section 20), sick leave (section 24), other types of

2   leave (sections 26, 27, 36, 37), severance pay (section 25), job classifications

3   (section 10), seniority (section 7), benefit plans (section 22, 23), notice of

4   termination of employment (section 33) and grievance procedures (section 41).

5   Waltz Decl. Exs. A and B.

6          Thus, the CBAs clearly provide for wages, hours of work and working

7   conditions within the meaning of Labor Code § 514.

8          **B.     The CBAs Provide for Regular Rates of Pay that Exceed the**

9          **California Minimum Wage by More Than 30%.**

10         California's minimum wage has been $8.00 per hour since 2008.  It was

11  $7.50 an hour in 2007, and $6.75 per hour for 2002 through 2006.  Cal. Labor Code

12  § 1182.12; 8 Cal. Code Regs. § 11000 [IWC Minimum Wage Order, MW-2007];

13  IWC Minimum Wage Chart (attached to Defendants' Request for Judicial Notice

14  ("RJN") as Ex. 3); 8 Cal. Code Regs. § 11010, *et seq.* [IWC Wage Orders at § 4].

15  Accordingly, 30% above these minimum wage rates amounts to:

16         • $6.75 x 1.3 = $8.77 per hour for 2002 through 2006;

17         • $7.50 x 1.3 = $9.75 per hour for 2007; and

18         • $8.00 x 1.3 = $10.40 per hour from 2008 to the present.

19         The weekly base-pay amounts in Section 10.A of the 2005 CBA produce

20  hourly rates of pay that exceed Labor Code § 514's requirement that "the agreement

21  provides  . . . a regular rate of pay . . . of not less than 30 percent more than the state

22  minimum wage":

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
CASE NO. CV 09-5748 MMC

| Effective Date | RSR Weekly Base Rate | RSR Hourly Base Rate (total divided by 40 hours)[4] | 30% Above Applicable Minimum Wage |
|---|---|---|---|
| 10/2/2005 | $494 | $12.35 per hour | $8.77 per hour |
| 10/1/2006 | $486 | $12.15 per hour | $8.77 per hour $9.75 per hour starting 1/1/2007 |
| 9/30/2007 | $476 | $11.90 per hour | $9.75 per hour $10.40 per hour starting 1/1/2008 |
| 9/28/2008 | $496 | $12.40 per hour | $10.40 per hour |
| 10/4/2009 | $516 | $12.90 per hour | $10.40 per hour |

Waltz Decl. ¶ 10, Ex. A (§ 10.A).

And the weekly base-pay amounts in Section 10.A of the 2010 CBA also produce hourly rates of pay that exceed Labor Code § 514's requirement:

| Effective Date | RSR Weekly Base Rate | RSR Hourly Base Rate (total divided by 40 hours) | 30% Above Applicable Minimum Wage |
|---|---|---|---|
| 10/3/2010 | $546 | $13.65 per hour | $10.40 per hour |
| 10/2/2011 | $576 | $14.40 per hour | $10.40 per hour |
| 9/30/2012 | $606 | $15.15 per hour | $10.40 per hour |

*Id*. ¶ 10, Ex. B (§ 10.A).

/ / /

---

[4] The hourly base rate is determined by dividing the weekly base-pay amounts by 40 because the CBAs make clear that premium pay applies after 40 *hours worked* in a week—even though the time records will show 45 hours of clocked time, which includes *unworked* time for meal periods and personal time. Waltz Decl. Exs. A and B (§ 5A). Moreover, California requires employers to divide a nonexempt full time salaried employee's weekly salary by 40 to calculate the "regular rate of pay" for the purpose of computing overtime. Cal. Labor Code § 515(d) ("For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.").

1    Thus, the CBAs provide for regular rates of pay exceeding California's

2  minimum wage by over 30%.

3    **C.**   **The CBAs Provide Premium Rates for All Overtime Worked.**

4    As noted, California law requires payment of overtime for all hours worked

5  over 40 in a work week and 8 in a work day.  Cal. Labor Code § 510(a); 8 Cal.

6  Code Regs. § 11010, *et seq.* (IWC Wage Orders § 3).  As they have in other cases,

7  Plaintiffs' counsel likely will argue that the 2005 and 2010 CBAs do not satisfy

8  Labor Code § 514 because they provide only for weekly overtime, not daily.  *See In*

9  *re Bimbo Bakeries USA FLSA Actions*, Case No. C 05-00829 JW (N.D. Cal.

10  October 24, 2008), Dkt. No. 404 at 9 (Order Granting in Part and Denying in Part

11  Defendants' Second Motion for Summary Judgment, identifying plaintiff's

12  argument) (attached to RJN as Ex. 1).  Significantly, Judge Ware rejected that

13  argument in *In re Bimbo* (*id.* at 9-10), and this Court should do the same.  Nothing

14  in Labor Code § 514 requires that the CBA expressly address *both* daily and weekly

15  overtime; just addressing premium pay is sufficient.  *See* Cal. Labor Code § 514.

16  Indeed, the exemption, which allows employees to negotiate alternative overtime

17  compensation in their collective bargaining agreement that differs from the one

18  provided by the Labor Code, has been interpreted by the California Labor

19  Commissioner to leave the determination of how "overtime" is calculated to the

20  parties to the collective bargaining agreement.  DLSE Opinion Letter, April 2,

21  1991, at 3 n.2 (attached to RJN as Ex. 4) ("[T]he [IWC Wage] Orders leave to the

22  parties the definition of 'overtime' and the amount of the 'premium.'"); *see also*

23  DLSE Enforcement Policies and Interpretations Manual, § 50.7.1.1 (attached to

24  RJN as Ex. 5) ("For the purpose of [Labor Code § 514], DLSE interprets the term

25  'overtime hours' to mean any hours which the collective bargaining agreement

26  treats as overtime hours payable at a premium rate.").  This Court should defer, as

27  Judge Ware did, to the California Labor Commission's interpretation of the issue

28  and find that the CBAs address premium pay within the meaning of Labor Code §

9

514.  *See* RJN Ex. 1 (*In re Bimbo Bakeries*, Order at 9); *Leonard v. Bimbo Bakeries USA Inc.*, Case No. 05-CV-00829 JW (N.D. Cal. September 28, 2007), Dkt. 291 at 15-16 (Order Granting in Part and Denying in Part Cross Motions for Summary Judgment) (attached to RJN as Ex. 2); *see also Lujan v. Southern Cal. Gas Co.*, 96 Cal. App. 4th 1200, 1212 (2002) (citing *Yamaha Corp. of America v. State Bd. Of Equalization*, 19 Cal. 4th 1, 12-13 (1998)).

Nevertheless, even if, *arguendo*, Labor Code § 514 somehow required CBAs to expressly address daily and weekly overtime, the 2005 and 2010 CBAs satisfy that requirement.  Sections 5.A, 5.D.1, and 9.A of the CBAs work together to provide for overtime payments for all overtime worked over 40 hours each work week and 8 hours worked each workday.  More specifically, Section 5.A of the CBAs provides:

> Eight (8) hours or less shall constitute a day's work, which shall be completed within a consecutive period of nine (9) hours.  All time worked, as shown in the record, by bakery [RSRs] in excess of forty-five (45) hours in any one week . . . shall be paid at the overtime rate defined in Section 9(A) of Agreement.  It is understood that overall clock time shall include one hour per day for meal period and personal time . . . .

Waltz Decl. Exs. A and B (§ 5.A).  Thus, Section 5.A of the CBAs provides that a regular day's work for RSRs consists of  9 clocked hours, but that only 8 of these hours will be *worked*, and that the remaining hour will *not be worked* but used for a meal period or personal time.  That "clock time" includes meal periods also is made clear in Section 5.D.1, which provides that a workday must be no longer than "a maximum of eleven (11) hours overall clock time (including meal period) per day."  *Id*. at Exs. A and B (§ 5.D.1).  And Section 9.A of the CBAs generally addresses the payment of overtime.  *See supra*, p.4 (*citing* Waltz Decl. Exs. A and B (§ 9.A)).

Thus, Sections 5.A and 9.A clearly provide for weekly premium pay.  The CBAs require that all time *worked* over 40 hours each work week—or time *worked*

/ / /

after 45 clocked hours each work week including one hour of nonwork time each work day for a meal period or personal time—must be paid at the overtime rate.

The CBAs also provide for daily overtime. Section 5.A of the CBAs provides that "[e]ight (8) hours *or less* shall constitute a day's work." *Id*. at Exs. A and B (§ 5.A) (emphasis added). Significantly, there is no provision in the CBAs permitting the payment of less than a full day's pay *even if less than 8 hours are worked*. *Id*. at Exs. A and B. Thus, Section 5.A and Section 9.A have the practical effect of requiring that *all* time *worked* over 8 hours in a work day (including any time worked during the one-hour period designated each work day for "meal period and personal time") be paid at the overtime rate. And whenever an RSR misses a day of work, the CBAs reduce the weekly 40-hours worked threshold for overtime by 8 hours. Under Section 5.A, the weekly threshold would drop to 36 hours of clocked time in holiday week (or 32 hours of time worked since clocked time includes an hour of nonwork time for a meal period and personal time). And under Section 9.A, the weekly 40-hours worked threshold also drops by 8 hours (*i.e.*, one fifth of 40 hours) if an RSR misses a day's work because of illness or another reason. Thus, an RSR working a 4-day week will reach the threshold for overtime after working 32 hours (*i.e.*, 4 days worked at 8 hours per day), an RSR working a 3-day week will reach the threshold for overtime after working 24 hours (*i.e.*, 3 days worked at 8 hours per day), an RSR working a 2-day week will reach the threshold for overtime after working 16 hours (*i.e.*, 2 days worked at 8 hours per day), and an RSR working a 1-day week will reach the threshold for overtime after working 8 hours (*i.e.*, 1 day worked at 8 hours per day). Any time worked in weeks with lowered thresholds would be paid at the overtime rate. *Id*. ¶ 10. And since RSRs will receive at least 8 hours of base pay for each day worked, any time paid at the overtime rate would necessarily be for hours worked over 8 in a work day.[5]

---

[5] The California Labor Code and IWC Wage Orders also provide that nonexempt employees are entitled to double-time if they work over 12 hours in a work day, and that nonexempt employees who work 7 consecutive days in a work week are

(cont'd)

1    Accordingly, the CBAs comply with Labor Code § 514's requirement of "premium

2    wage rates for all overtime hours worked " even if it required collective-bargaining

3    agreements to address daily and weekly overtime.

4                                        * * *

5         In short, this Court should grant Sara Lee partial summary judgment on

6    Plaintiffs' California overtime claim because the CBAs satisfy the overtime

7    exemption requirements of Labor Code § 514.

8    **IV.    CONCLUSION**

9         For the foregoing reasons, the Court should enter partial summary judgment

10   in Sara Lee's favor on Plaintiffs' claims in their First Claim for Relief that they are

11   entitled to recover unpaid overtime compensation pursuant to California Labor

12   Code § 1194.

13   DATED:  August 19, 2011              MAYER BROWN LLP
                                          JOHN NADOLENCO
14                                        JEROME JAUFFRET
                                          KRISTEN ROWSE
15

16                                        By:  /s/ John Nadolenco
                                               John Nadolenco
17                                        Attorneys for Defendants
                                          SARA LEE CORPORATION, SARA LEE
18                                        BAKERY GROUP and EARTHGRAINS
                                          BAKING COMPANIES, INC.
19

20   _____
     entitled to time-and-a-half their regular rate for the first 8 hours worked in the 7th
21   work day and double-time for any hours over 8 in that 7th work day.  Cal. Labor
     Code § 510(a); 8 Cal. Code Regs. § 11010, *et seq.* (IWC Wage Orders § 3).
22   However, these provisions do not apply because, as noted, Labor Code § 514
     "eliminates the specific premium wage rates set out in subdivision 3(A) [of the
23   Wage Orders] and authorizes the parties to negotiate whatever premium wage rates
     above the regular rate of pay they may deem appropriate for the broad range of
24   hours constituting overtime work."  *Lujan*, 96 Cal. App. 4th at 1212.  And "the
     [IWC Wage] Orders leave to the parties the definition of 'overtime' and the amount
25   of the 'premium.'"  RJN Ex. 4 at 3 n.2 (DLSE Opinion Letter).  Moreover, the
     CBAs do not provide any option for RSRs to work over 10 hours per work day or to
26   work a 7-day workweek.  Accordingly, if RSRs were to work over 10 hours per
     day, or 7 days in a workweek, the CBAs would require that they be paid at the
27   overtime rate pursuant to Section 9.A, which provides that "[a]ll hours worked in
     excess of those provided for in this Agreement shall be paid for at the overtime
28   rate."  Waltz Decl. Exs. A and B (§§ 4.B, 5.D.1, and 9.A).

                                          12