1  MORGAN, LEWIS & BOCKIUS LLP
   JOHN BATTENFELD (SBN 119513)
2  300 South Grand Avenue, 22nd Fl.
   Los Angeles, CA 90071-3132
3  Tel: 213-612-1018
   Fax: 213-612-2501
4  Email: jbattenfeld@morganlewis.com

5  MICHAEL J. PUMA (admitted *pro hac vice*)
   JUSTIN S. BROOKS (admitted *pro hac vice*)
6  1701 Market Street
   Philadelphia, PA 19103
7  Tel: 215-963-5000
   Fax: 215-963-5001
8  E-mail: mpuma@morganlewis.com
   E-mail: justin.brooks@morganlewis.com
9

10 Counsel for Defendants

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

                      **SAN FRANCISCO DIVISION**
14

15 DAVID M. CATHCART, JAMES H.            Case No. CV 09-5748 MMC
   WHITEHEAD, ROBERT W. DECKER,
16 DALE BALDISSERI, individually, and on  **DEFENDANTS' NOTICE OF MOTION
   behalf of all others similarly situated,  AND MOTION FOR LEAVE TO AMEND
17                                          THEIR ANSWER: MEMORANDUM OF
                       Plaintiff,           POINTS AND AUTHORITIES**
18
                       v.                   **ORAL ARGUMENT REQUESTED**
19
   SARA LEE CORPORATION, SARA LEE          Date:      June 15, 2011
20 BAKERY GROUP, EARTHGRAINS              Time:      9:00 a.m.
   BAKING COMPANIES, INC. (formerly       Location:  Courtroom 7, 19th Floor
21 sued as DOE 1) and DOES 2 through 20,  Judge:     Hon. Maxine M. Chesney

22                     Defendants.          Complaint filed: December 8, 2009

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

**Page**

3
BACKGROUND ............................................................................................................ 1

4
ARGUMENT ................................................................................................................. 3

5
    I.      AMENDMENT TO THE ANSWER IS WARRANTED UNDER RULE
15(a).................................................................................................................. 3

6
          A.    Plaintiffs Are Not Prejudiced By Defendants' Proposed

7
                Amendment ....................................................................................... 4

8
          B.    The Proposed Amendment Is Not Futile.................................................... 6

9
          C.    Leave To Amend Should Not Be Denied On The Grounds of Undue
                Delay ............................................................................................... 11

10
          D.    Defendants' Motion Is Not Brought In Bad Faith ................................... 12

11
    II.     AMENDMENT TO THE ANSWER IS WARRANTED UNDER RULE
16(b)............................................................................................................... 12

12
CONCLUSION ........................................................................................................... 14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

Algee v. Nordstrom,
No. 11-301, 2011 WL 6779324 (N.D. Cal. Dec. 27, 2011)............................................7,12, 13

Baltimore Cnty. FOP Lodge 4 v. Baltimore Cnty.,
565 F. Supp. 2d 672 (D. Md. 2008) ..........................................................................4

Baum v. AstraZeneca,
372 F. App'x 246 (3d Cir. 2010).............................................................................9

Brody v. AstraZeneca Pharm.,
No. 06-6862, 2008 WL 6953957 (C.D. Cal. June, 2008) .........................................9

Burling v. Real Stone Source, LLC,
No. 08-43-E-EJL, 2009 WL 1812785 (D. Idaho June 24, 2009) ................................ 8, 9, 10

C.F. v. Capistrano Unified Sch. Dist.,
656 F. Supp. 2d 1190 (C.D. Cal. 2009................................................................ 12, 13

Christopher v. SmithKline Beecham Corp.,
635 F.3d 383 (9th Cir. 2011), cert. granted, 132 S. Ct. 760 (2011)........................................ 8

Cowen v. Bank United of Texas, FSB,
70 F.3d 937 (7th Cir.)......................................................................................... 12

Dalheim v. KDFW-TV,
918 F.2d 1220 (5th Cir. 1990) ............................................................................... 11

Eminence Capital, LLC v. Aspeon, Inc.,
316 F.3d 1048 (9th Cir. 2003) ................................................................................ 3, 4

Enzo Life Sci., Inc. v. Digene Corp.,
270 F. Supp. 2d 484 (D. Del. 2003).......................................................................... 3

Ibanez v. Abbott Labs., Inc.,
No. 09–1406, 2011 WL 5572621 (E.D. Pa. Nov. 15, 2011)....................................... 9

Johnson v. Mammoth Recreations, Inc.,
975 F.2d 604 (9th Cir. 1992) .................................................................................. 3

Jones v. Bates,
127 F.3d 839 (9th Cir. 1997) ................................................................................. 11

Kesselman v. Sanofi-Aventis U.S. LLC,
No. 09–5446, 2012 WL 1079962 (E.D. Pa. Mar. 30, 2012) ....................................... 9, 10

i

Lemieux v. City of Holyoke,
    259 F.R.D. 13 (D. Mass. 2009) .................................................................................................5

McGuiggan v. CPC Int'l, Inc.,
    84 F. Supp. 2d 470 (S.D.N.Y. 2000) .........................................................................................5

Morongo Band of Mission Indians v. Rose,
    893 F. 2d 1074 (9th Cir. 1990) .................................................................................................4

Morton Int'l, Inc. v. A.E. Staley Mfg. Co.,
    106 F. Supp. 2d 737 (D.N.J. 2000) ...........................................................................................4

Moss v. United States Secret Svc.,
    572 F.3d 962 (9th Cir. 2009) .....................................................................................................3

Quantum Tech. Partners II, L.P. v. Altman Browning and Co.,
    No. 08-376, 2009 WL 1795574 (D. Or. June 23, 2009) .........................................................11

Schaeffer-LaRose v. Eli Lilly & Co.,
    663 F. Supp. 2d 674 (S.D. Ind. 2009) ................................................................................ 8, 10

Schaeffer-LaRose v. Eli Lilly & Co.,
    Nos. 10-3855, 11-1980, 11-2131, 2012 WL 1592552 (7th Cir. May 8, 2012) ................. 9, 13

Smith v. Johnson & Johnson,
    593 F.3d 280 (3d Cir. 2010) ............................................................................................ 5, 9, 13

Steckman v. Hart Brewing, Inc.,
    143 F.3d 1293 (9th Cir. 1997) ...................................................................................................7

Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.,
    No. 05-349, 2007 WL 1670387 (D. Del. June 7, 2007) ...........................................................3

U.S. v. First Nat'l Bank of Circle,
    652 F.2d 882 (9th Cir. 1981) ............................................................................................ 12, 13

Walters v. Altec Indus., Inc.,
    No. 01-371, 2003 WL 22012046 (M.D. Fla. Mar. 3, 2003) .....................................................5

White v. De La Osa,
    No. 07-23381, 2011 WL 1559826 (S.D. Fla. Apr. 25, 2011) ...................................................5

Williams v. R.W. Cannon, Inc.,
    No. 08-60168, 2008 WL 2229538 (S.D. Fla. May 28, 2008) .............................................. 4, 7

Willix v. Healthfirst Inc.,
    No. 07-1134, Dkt. No. 254, at 20-26 (E.D.N.Y. May 18, 2010) ..............................................4

Yacoubian v. Ortho-McNeil Pharm., Inc.,
    No. 07-00127, 2009 WL 3326632 (C.D. Cal. Feb. 6, 2009) ....................................................9

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

**STATUTES, RULES AND REGULATIONS**

29 C.F.R. Part 541.200.................................................................................................. 2

29 C.F.R. Part 541.708.................................................................................................. 2

29 U.S.C. § 213(a)(1)............................................................................................. 2, 10

29 U.S.C. § 541.601................................................................................................ 2, 11

Cal. Lab. Code § 514 ............................................................................................... 1,5

Federal Rule of Civil Procedure 15(a) and 16(b) ............................................... passim

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1    **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ANSWER**

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on June 15, 2012, at 9:00 a.m., or as soon thereafter as this

4    matter may be heard, in the United States District Court for the Northern District of California,

5    Courtroom 7, Nineteenth Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the

6

7    Honorable Maxine M. Chesney, Defendants Sara Lee Corporation, Sara Lee Bakery Group and

8    Earthgrains Baking Companies, Inc. (collectively, "Defendants") will, and hereby do, move this

9    Court pursuant to Federal Rules of Civil Procedure 15(a) and 16(b) for an order granting leave to

10   amend their Answer to assert several statutory exemptions under the Fair Labor Standards Act

11   ("FLSA").

12   This motion is based upon this Notice of Motion, the Memorandum of Points and

13   Authorities, the exhibits thereto, the papers and documents on file in this action, the arguments of

14   counsel, and such other and further matters as this Court may consider.

15

16   DATED:  May 11, 2012                    /s/ Justin S. Brooks
                                             John S. Battenfeld
17                                           MORGAN, LEWIS & BOCKIUS  LLP
                                             300 South Grand Avenue, 22nd Floor
18                                           Los Angeles, CA  90071-3132
                                             Tel:  (213) 612-2500
19                                           Fax: (213) 612-2554
                                             jbattenfeld@morganlewis.com
20

21                                           Michael J. Puma (admitted *pro hac vice*)
                                             Justin S. Brooks (admitted *pro hac vice*)
22                                           MORGAN, LEWIS & BOCKIUS LLP
                                             1701 Market Street
23                                           Philadelphia, PA  19103
                                             Tel: (215) 963-5000
24                                           Fax:  (215) 963-5001
                                             mpuma@morganlewis.com
25                                           justin.brooks@morganlewis.com

26
                                             Counsel for Defendant Sara Lee Corporation,
27                                           Sara Lee Bakery Group and Earthgrains
                                             Baking Companies, Inc.
28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and 16(b), Defendants Sara Lee

3

Corporation, Sara Lee Bakery Group, and Earthgrains Baking Companies, Inc. ("Defendants")

4

respectfully move this Court for leave to amend their Answer to Plaintiffs' Second Amended

5

Complaint (Dkt. No. 39) in order to assert additional exemptions to the overtime requirements of

6

the Fair Labor Standards Act ("FLSA").

7

## BACKGROUND

8

Plaintiffs David M. Cathcart, Robert W. Decker, Dale Baldisseri, and James H. Whitehead

9

initiated this action on December 9, 2009. Dkt. No. 1. On February 17, 2010, Defendants moved

10

to dismiss Plaintiffs' Complaint, and the Court granted Defendants' motion in part. Dkt. No. 28.

11

After the Court issued its order, Plaintiffs filed an Amended Complaint as of right. Dkt. No. 29.

12

Shortly thereafter, the parties executed a Joint Case Management Statement (Dkt. No. 32), and

13

the Court issued its Initial Scheduling Order, substantially adopting the parties' proposed

14

schedule. Dkt. No. 33.

15

The Court's Initial Scheduling Order provided that all amendments to the pleadings must

16

be filed by August 12, 2010. Dkt. No. 33. Upon a showing of good cause, the Court

17

subsequently granted the parties' stipulation to amend this deadline (Dkt. No. 35), allowing the

18

parties to file a Second Amended Complaint and Second Amended Answer. Dkt. Nos. 36, 39.

19

Defendants' Second Amended Answer asserts a number of defenses, including a defense based

20

on the Fair Labor Standards Act ("FLSA") outside sales exemption, a defense based on the FLSA

21

motor carrier exemption, and defenses based on preemption.

22

Shortly after Defendants filed their this answer, the parties, by mutual agreement, engaged

23

in limited discovery that focused primarily on the collective bargaining agreement ("CBA")

24

exemption pursuant to Cal. Lab. Code § 514. Consistent with the Joint Case Management

25

Statement and the Court's Scheduling Order, the parties filed cross-motions for summary

26

judgment on this exemption. The Court granted Defendants' motion for summary judgment and

27

28

1

1  denied Plaintiffs' motion for summary judgment on Plaintiffs' state law overtime claims on

2  November 30, 2011.  Dkt. No. 80.

3  Aside from discovery on the CBA overtime exemption, written and electronic discovery

4  has been limited in this action because the parties agreed to postpone the remainder of discovery

5  pending Court-approved mediation.  As the parties have been unable to resolve their disputes

6  through mediation at this time, discovery recently commenced.  Accordingly, Defendants seek

7  leave to assert three additional exemptions to the FLSA before that discovery resumes in earnest

8  and the parties proceed toward class certification briefing and the resolution of the merits of the

9  claims: (1) the administrative exemption pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part

10  541.200; (2) the combination exemption pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part

11  541.708; and (3) the highly compensated exemption pursuant to 29 U.S.C. § 541.601.

12  Defendants and Plaintiffs have conferred with respect to Defendants' proposed

13  amendment.  Although Plaintiffs and Defendants have reached agreement on other issues,

14  Plaintiffs will not stipulate to the proposed amendment, primarily because they believe

15  Defendants' invocation of the administrative exemption is futile.  Plaintiffs misread the relevant

16  standards and the law.

17  Defendants' proposed amendment is not futile.  Defendants have good cause to seek leave

18  to assert these additional exemptions at this point in the case.  Discovery on these exemptions will

19  not prejudice Plaintiffs in any way.  Discovery in this matter is just beginning, no depositions in

20  this new discovery phase have been taken, and the depositions completed to date, by agreement of

21  the parties, have been narrow in scope.  At the conclusion of mediation, the parties began

22  scheduling the depositions of their respective witnesses, including corporate representatives, and

23  propounding additional discovery requests.  As a result, Plaintiffs will have a full and complete

24  opportunity to address the proposed amendment during all of the depositions to be taken in this

25  case, and also have ample opportunity to serve any written discovery that they believe is

26  necessary to address these additional defenses.  Additionally, Defendants' addition of these

27  defenses will not cause undue delay or compromise the Court's efficient management of this case.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1

## **ARGUMENT**

2

3       Amendment to Defendants' Answer is consistent with Federal Rules of Civil Procedure

4   15(a) and Rule 16(b).  When Rule 16(b) is applicable, courts consider whether an amendment is

5   appropriate both under Rule 16 and Rule 15.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d

6   604, 608 (9th Cir. 1992); <u>see also</u> <u>Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.</u>, No. 05-349,

7   2007 WL 1670387, at * 1 (D. Del. June 7, 2007) ("courts often evaluate whether a movant has

8   shown good cause [pursuant to Fed R. Civ. P 16(b)] by considering the movant's articulated

9   reasons under the Rule 15 standard"); <u>Enzo Life Sci., Inc. v. Digene Corp.</u>, 270 F. Supp. 2d 484,

10  490 (D. Del. 2003) (same).  Defendants first explain why amendment is appropriate under Rule

11  15(a) and then address why the "good cause" standard under Rule 16(b) has been satisfied as

12  well.

13  **I.       AMENDMENT TO THE ANSWER IS WARRANTED UNDER RULE 15(A)**

14       Federal Rule of Civil Procedure 15(a) provides that a party must seek leave of the court to

15  amend a responsive pleading unless the opposing party consents to the amendment.  But Rule

16  15(a) also instructs that leave to amend "shall be freely given when justice so requires."  This

17  policy is to be applied with "extreme liberality."  <u>Moss v. United States Secret Svc.</u>, 572 F.3d

18  962, 972 (9th Cir. 2009).

19       The Supreme Court has recognized a number of factors that a district court should

20  consider when determining whether justice requires the court to grant leave to amend.  The Ninth

21  Circuit primarily considers the following factors: undue delay; bad faith or dilatory motive on the

22  part of the movant; undue prejudice to the opposing party by virtue of allowance of the

23  amendment; and futility of the amendment.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d

24  1048, 1052 (9th Cir. 2003) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

25       The factor that carries the greatest weight is whether the amendment will cause the

26  opposing party prejudice.  <u>Eminence</u>, 316 F.3d at 1052.  "Absent prejudice or a strong showing of

27  any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting

28  leave to amend."  <u>Id.</u>  The party who opposes amendment bears the burden to show prejudice.

3

1   Eminence, 316 F.3d at 1052.  In this case, Plaintiffs cannot meet their burden to support denial of

2   Defendants' motion.

3                   **A.      Plaintiffs Are Not Prejudiced By Defendants' Proposed Amendment.**

4          Prejudice is the "touchstone" of the Court's decision on whether to grant leave to amend.

5   Eminence, 316 F. 3d at 1052.  For prejudice to justify denying leave to amend, the impact on the

6   opposing party must be substantial.  See Morongo Band of Mission Indians v. Rose, 893 F. 2d

7   1074, 1079 (9th Cir. 1990).  Prejudice "becomes undue when a party shows that it would be

8   'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would

9   have offered."  Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 106 F. Supp. 2d 737, 745 (D.N.J. 2000)

10  (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419,

11  426 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982)).

12         In light of the procedural posture of this case, with discovery having been limited up to

13  this point, Plaintiffs will not be deprived of an opportunity to conduct discovery and develop a

14  challenge to Defendants' assertion of the administrative, highly compensated and combination

15  exemptions to the FLSA.  Indeed, courts repeatedly have allowed defendants to amend their

16  answers to assert FLSA exemptions prior to the close of discovery.  See, e.g., Baltimore Cnty.

17  FOP Lodge 4 v. Baltimore Cnty., 565 F. Supp. 2d 672, 675 (D. Md. 2008) (allowing defendant to

18  amend its answer to assert the "administrative employee" and "special detail" exemptions of the

19  FLSA because "[a]ny potential prejudice to plaintiffs may be wholly cured with a small window

20  of additional discovery"); Williams v. R.W. Cannon, Inc., No. 08-60168, 2008 WL 2229538, at

21  *2 (S.D. Fla. May 28, 2008) (notwithstanding plaintiff's previous filing of a summary judgment

22  motion, plaintiff was not unduly prejudiced by defendant's May 8, 2008 motion to amend the

23  answer to assert the motor carrier exemption when the deadline for completing all discovery was

24  a month later on June 15, 2008 and the deadline for all dispositive motions was July 11, 2008);

25  Ex. B, Transcript of Proceedings, Willix v. Healthfirst Inc., No. 07-1134, Dkt. No. 254, at 20-26

26  (E.D.N.Y. May 18, 2010) (allowing counsel to add the administrative and combination

27  exemptions 6 weeks before the end of liability discovery where the outside sales exemption was

28  the primary exemption asserted, over opposing counsel's objections that two years had passed

4

1    during which the parties focused on the outside sales exemption, including interviews of hundreds

2    of class members);[1] <u>McGuiggan v. CPC Int'l, Inc.</u>, 84 F. Supp. 2d 470, 480 (S.D.N.Y. 2000)

3    (allowing defendant to assert the motor carrier exemption for the first time in its motion for

4    summary judgment because plaintiff was not unduly prejudiced in light of material facts raised

5    throughout discovery shedding light on the issue and noting that it "would permit amendment of

6    the Defendant's answer in the interests of justice to amend the defense, even at this late point in

7    the litigation"); <u>Lemieux v. City of Holyoke</u>, 259 F.R.D. 13, 17 (D. Mass. 2009) (allowing

8    defendant to amend its answer to assert the § 7k exemption under the FLSA because plaintiff

9    would not be unduly prejudiced or subject to "an unwarranted burden" notwithstanding the fact

10   that plaintiff had engaged in settlement negotiations under the belief that defendant did not intend

11   to assert this exemption).[2]

12           Here, discovery as to the majority of the claims and defenses at issue is just beginning as a

13   result of the staged approach to discovery negotiated by the parties and approved by this Court.

14   To date, the majority of documents produced and written discovery has focused on the § 514

15   CBA exemption.  Similarly, Defendants' initial depositions of the named Plaintiffs, and

16   Plaintiffs' single deposition of Defendant focused on the CBA exemption.   No other depositions

17   have taken place at this time.

18           It was only in April 2012 that Plaintiffs and Defendants propounded additional discovery

19   requests.  Plaintiffs also recently noticed a 30(b)(6) deposition of Defendants, and the parties have

20   agreed to hold this deposition at the end of May.  Plaintiffs' opening brief in support of class

21   _____

22   [1]   See also Ex. C, No. 07-1134 Dkt. No. 244 (defendants' letter request to add exemptions,
      largely based on the Third Circuit's recent, at that time, application of the administrative
23   exemption in <u>Smith v. Johnson & Johnson</u>, 593 F.3d 280 (3d Cir. 2010));  Ex. D, No. 07-1134,
      Dkt. No. 246 (plaintiffs' letter opposing amendment of the answer to assert exemptions); Ex, E,
24   No. 07-1134, Dkt. No. 250 at 11-12 (amended answer asserting exemptions following court's oral
      approval).

25   [2]   See also <u>White v. De La Osa</u>, No. 07-23381, 2011 WL 1559826, at *1 (S.D. Fla. Apr. 25,
26   2011) (granting leave for defendant to amend his affirmative defenses and finding no prejudice to
      plaintiff because the discovery deadline had not passed); <u>Walters v. Altec Indus., Inc.</u>, No. 01-
27   371, 2003 WL 22012046, at *2 (M.D. Fla. Mar. 3, 2003) (granting motion for leave to amend
      affirmative defenses before trial and noting that if the amendment raised any "new issues
28   requiring additional discovery, Plaintiffs may bring an appropriate motion with the Court").

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1    certification is not due until July 27, 2012.  Dkt. No. 84 at 3.  Plaintiffs' reply in support of class

2    certification is not due until nearly six months from now on November 2, 2012, and the hearing

3    on class certification is scheduled for November 30, 2012.  Id. at 4.  This leaves Plaintiffs with

4    ample time to conduct discovery and take depositions on the issues presented by the defenses

5    Defendants seek to assert.[3]  Moreover, the parties have been negotiating a brief extension to the

6    current schedule and have nearly reached agreement.  Should the Court approve the proposal

7    currently under consideration, the deadline for Plaintiffs to file an opening brief in support of

8    class certification will be extended from July 27, 2012 to October 31, 2012.

9          Plaintiffs are not prejudiced by the addition of the administrative exemption when the bulk

10   of discovery with respect of a number of other exemptions has yet to take place, and there is

11   ample time for discovery on all of these issues.[4]  Accordingly, Plaintiffs have no basis to argue

12   prejudice as a result of an amendment to assert additional statutory defenses.

13                    **B.      The Proposed Amendment Is Not Futile.**

14         When Defendants approached Plaintiffs' counsel hoping to enter into a stipulation to

15   amend their Answer, Plaintiffs' counsel refused on the grounds that he "had never seen [the

16   administrative exemption] asserted" in the driver-salesman cases he handled and was sure it was

17   because no employers felt such employees "were even close to coming within the administrative

18   exemption."  See Ex. A. at 1.  Plaintiffs' counsel further argued that Defendants' proposed

19   amendment was "futile" and "'a Hail Mary,' a desperate fling in the air against all odds."  Id.

20   This misinterpretation both fails to comprehend the standard for futility and fails to recognize that

21   case law supports Defendants' argument.

---

23   [3]    Moreover, merits discovery does not come to an end because briefing on class certification is
     complete.  The Joint Case Management Statement contemplates merits discovery "as needed,
24   following a ruling on certification" with a tentative cutoff for fact discovery scheduled for
     approximately 4 months after the filing of Plaintiffs' reply brief in support their planned motion
25   to certify a class.  Dkt. No. 32 at 7.

26   [4]    Nor are Plaintiffs prejudiced by the addition of the remaining exemptions.  The
     combination exemption does not require any additional discovery.  It is available to the extent an
27   individual's duties fall within the ambit of the both the outside sales and administrative
     exemption.  See infra at 12, n.8.  And the highly compensated exemption likely requires no
28   additional discovery beyond evidence of compensation.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1      Whether Defendants have a winning argument and are likely to prevail is not the relevant

2  inquiry for the instant purpose.  For an amendment to a pleading to be futile, there must be no set

3  of facts by which the proposed amendment could bring relief to the party requesting the

4  amendment.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1997).

5  Amendment should not be denied on this ground unless the proposed amendment is futile on its

6  face, and to the extent the court must engage in more than a cursory assessment of the merits to

7  reach a decision, the amendment is not futile on its face.  See, e.g., Algee v. Nordstrom, No. 11-

8  301, 2011 WL 6779324, at *2 (N.D. Cal. Dec. 27, 2011) (rejecting plaintiff's contention that it

9  should deny the motion to amend if it concluded that defendants ultimately would not prevail on

10  the defense and recognizing that the proper standard is whether it is possible to prove the defense

11  under any set of facts); Ex. B. at 23 (granting defendants' request to assert the administrative

12  exemption despite "skepticism about the defense" because "there's a preference in the federal

13  courts for resolving cases on the merits. Leave to amend should be freely granted when justice so

14  requires" and finding it inappropriate to look "too deeply" into the merits of the defense with an

15  eye towards its ultimate success); Williams, 2008 WL 2229538, at *2 (declining to dismiss

16  assertion of the motor carrier exemption as futile where it was not futile on its face and a

17  determination of futility would require an assessment of the merits).

18      The proposed amendment is not futile in this case.  Defendant Earthgrains uses a retail

19  sales organization that is made up of localized sales groups of RSRs who know their own

20  geographic territories and their own customer stores and demographics, and are thus well-

21  positioned to increase sales of Earthgrains' product.  RSRs are customarily and regularly engaged

22  in selling Earthgrains' products.  In fact, consummating such sales is the primary purpose of an

23  RSRs' job.  In this capacity, Route Sales Representatives are required to, among other things, (1)

24  engage in active efforts to persuade their customers to increase orders for Earthgrains' products;

25  (2) solicit their customers to purchase new products; and (3) generally exert considerable effort to

26  maximize sales and minimize returns.  They conduct all of this activity at customers' stores,

27  outside of Earthgrains' place of business, and without the daily presence of supervisors at the

28  stores.  The RSRs earn commissions based on their success in convincing customers to buy

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1    Earthgrains' products.  Sales ability can vary markedly from RSR to RSR, and commission

2    accordingly varies as well.

3           Under these circumstances, Defendants had ample grounds to assert the outside sales

4    exemption.  See, e.g., Christopher v. SmithKline Beecham Corp., 635 F.3d 383, 398-400 (9th Cir.

5    2011), cert. granted, 132 S. Ct. 760 (2011) (applying outside sales exemption to pharmaceutical

6    sales representative who operated outside employer's place of business, whose primary duty was

7    to commit physicians to buy employer's products, and who were rewarded by commissions when

8    their efforts generated new sales).  But Defendants also have good cause to assert the

9    administrative exemption in the alternative.  See, e.g., Burling v. Real Stone Source, LLC, No.

10   08-43-E-EJL, 2009 WL 1812785, at *7-11 (D. Idaho June  24, 2009) (concluding that the outside

11   sales exemption did not apply because plaintiff's primary duty was to "promote and market the

12   [employer's] brand in such a way as to create a network of local dealers" and "bolster a market

13   for the [employer's] products but refusing to grant plaintiff's motion for summary judgment on

14   the administrative exemption because such promotional work could qualify as exempt

15   administrative work to the extent the judgment and discretion components of the administrative

16   exemption were satisfied); Schaeffer-LaRose v. Eli Lilly & Co., 663 F. Supp. 2d 674, 679, 686,

17   688-94 (S.D. Ind. 2009) (securing nonbinding commitments from physicians to buy employer's

18   products qualified as "making sales" under the FLSA and rendered employee an exempt sales

19   agent under the outside sales exemption, but employee was *also* exempt under the administrative

20   exemption because: (1) such sales and promotional work was related to general business

21   operations; (2) reflected an exercise of discretion because  employee exercised judgment in the

22   optimization of sales and received commission based on success of sales techniques; and (3)

23   employee's sales "related to matters of substantial significance" because such sales were

24   important to the success of employer's business).[5]

25           Indeed, courts in the Ninth Circuit consistently have allowed defendants to assert both the

26   _____

27   [5]    As noted below, on May 8, 2012, the Seventh Circuit affirmed the district court's
     application of the administrative exemption and found it unnecessary to also consider the
28   applicability of the outside sales exemption.

8

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1    outside sales exemption and administrative exemption in cases involving, for instance,

2    pharmaceutical representatives who received commissions based on pharmaceutical products sold

3    or promoted by them.  See SmithKline, 635 F.3d at 388;  Burling, 2009 WL 1812785, at *1;

4    Yacoubian v. Ortho-McNeil Pharm., Inc., No. 07-00127, 2009 WL 3326632, at *7 n.3 (C.D. Cal.

5    Feb. 6, 2009); Brody v. AstraZeneca Pharm., No. 06-6862, 2008 WL 6953957, at *9 n.6 (C.D.

6    Cal. June, 2008) (same).

7            Although courts in the Ninth Circuit have generally declined to consider the

8    administrative exemption on the merits upon finding plaintiff to be exempt under the outside sales

9    exemption,[6] a number of courts outside the Ninth Circuit have applied the administrative

10   exemption to these individuals.  The Third Circuit was the first appellate court to apply the

11   administrative exemption under factually similar circumstances.  See, e.g., Smith v. Johnson &

12   Johnson, 593 F.3d 280 (3d Cir. 2010); Baum v. AstraZeneca, 372 F. App'x 246 (3d Cir. 2010).  In

13   recent months, there has been a proliferation of cases applying the administrative exemption

14   under these circumstances, culminating in the Seventh' Circuit's opinion in Schaeffer-LaRose,

15   issued just a few days ago.  See, e.g., Schaeffer-LaRose v. Eli Lilly & Co., Nos. 10-3855, 11-

16   1980, 11-2131, 2012 WL 1592552, at *16 (7th Cir. May 8, 2012) (administrative exemption

17   applied because pharmaceutical representative's primary duty required exercise of discretion and

18   independent judgment in matters of significance where she was "sent into physicians' offices with

19   minimal supervision" and was  able to and expected "to tailor the conversation [with physicians]

20   to the time and circumstances" to optimize sales of the company's product); Kesselman v. Sanofi-

21   Aventis U.S. LLC, No. 09–5446, 2012 WL 1079962 (E.D. Pa. Mar. 30, 2012); Ibanez v. Abbott

22   Labs., Inc., No. 09–1406, 2011 WL 5572621 (E.D. Pa. Nov. 15, 2011).[7]

23   ⁶     See, e.g., Yacoubian, 2009 WL 3326632, at *7 n.3 ("Because Plaintiffs fall under the
     federal and state outside salesman exemptions from wage-and-hour laws, it is not necessary to
24   resolve the question of whether the Plaintiffs also fall under the administrative exemption to
     wage-and-hour laws.")
25

26   ⁷     Notably, the district court in Kesselman and the Seventh Circuit in Schaeffer-LaRose
     declined to consider the outside sales exemption in light of their conclusion that the
27   administrative exemption applied to preclude plaintiffs' overtime claims.  See, e.g., Schaeffer-
     LaRose, 2012 WL 1592552, at *1 ("After thorough consideration . . . we conclude that, under the
28   regulations of the Department of Labor, the pharmaceutical sales representatives are classified

                                              9

1    These courts have reasoned that pharmaceutical representatives are exempt administrative

2   employees because they spend most of their time "in the field, unsupervised," "market and

3   advertise [employers'] products," exercise "discretion in how to approach physicians," and make

4   "numerous independent judgments in how best to promote" employers' products.  Kesselman,

5   2012 WL 1079962, at *5.  Because these activities "reflect [ ] ability to develop strategies; to

6   approach, communicate, and cultivate relationships with physicians; and to operate without

7   constant supervision in the field," they "are consistent with relevant definitions of exempt

8   administrative work because they affect Defendant's business operations" and "reflect the

9   exercise of discretion and independent judgment with respect to matters of significance." Id. at

10   *6.

11    Similarly, Defendants assert that RSRs enjoy significant autonomy in the field, exercise

12   independent judgment in performing their duties, and are rewarded by commissions for their

13   efforts.  Defendants submit that Plaintiffs "sell" products within the meaning of the outside sales

14   exemption, and that such conduct also (or at least in the alternative) qualifies as promotional

15   activity that drives their employer's sales, subjecting Plaintiffs to the administrative exemption.

16   See, e.g., Schaeffer-LaRose, 663 F. Supp. 2d at 688 ("In addition to our conclusion that Ms.

17   Schaefer-LaRose comes within the outside sales exemption of the FLSA, we also hold that she is

18   not entitled to overtime under the FLSA because she is exempt as an 'employee employed in a

19   bona fide ... administrative ... capacity.'  29 U.S.C. § 213(a)(1).").  But to the extent the Court

20   concludes otherwise and finds that the RSRs' conduct is not "selling" within the meaning of the

21   FLSA, it at the least, qualifies as promotional activity that drives Earthgrains' sales and subjects

22   Plaintiffs to the administrative exemption.  Burling, 2009 WL 1812785, at *7-11 (even where

23   plaintiff's conduct did not qualify as sales it could qualify as exempt promotional activity to the

24   extent the other prongs of the administrative exemption were satisfied).  Plaintiffs may not agree

25   with these arguments and may attempt to show that the RSRs do not satisfy one or more

26

27   _____

28   properly within the administrative exemption to the overtime requirements of the FLSA.
     Consequently, we do not address the applicability of the outside sales exemption.")

10

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

prong of the administrative exemption's multi-pronged test, but that is not the standard for "futility."[8]

#### C.     Leave To Amend Should Not Be Denied On The Grounds of Undue Delay.

There is no basis to deny amendment to the answer based on "undue delay." "Delay alone, no matter how lengthy, is an insufficient ground for denial of leave to amend." Jones v. Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997) (citing United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981)); see also Quantum Tech. Partners II, L.P. v. Altman Browning and Co., No. 08-376, 2009 WL 1795574, at *19 (D. Or. June 23, 2009) (same).  Here, any delay has not been "undue."  By design, discovery was initially limited to the CBA overtime exemption. Subsequently, discovery was stayed as to the remaining issues pending completion of mediation. Mediation did not conclude until March 31, 2012 (see Dkt. No. 84 at 3) and discovery as to FLSA claims and the remaining claims at issue in this case has just resumed.  Accordingly, there was no reason for Defendants to raise these issues until discovery resumed, and because there is ample time to complete the remainder of discovery, Plaintiffs are not prejudiced by amendment at this point in the case.  This is particularly true because Defendants have agreed to stipulate to extend the deadline to move for class certification.  Absent such prejudice, the passage of time is an insufficient basis to deny Defendants' motion.

---

[8]     Nor are the remaining exemptions Defendants wish to assert futile.  Plaintiffs' opposition to the combination exemption is predicated solely on their belief that Defendants' invocation of the administrative exemption is futile. Ex.A at 1.  Because Defendants have a basis to assert the administrative exemption, they also have a basis to assert the combination exemption. See Dalheim v. KDFW-TV, 918 F.2d 1220, 1232 (5th Cir. 1990) (combination exemption applies where "(1) an employee performs more than one type of work that would be exempt except that (2) neither type of work alone can be termed the employee's primary duty, but (3) all of the putatively exempt work taken together constitutes the employee's primary duty").  The combination exemption thus applies to a particular RSR to the extent that some of the work performed by that RSR qualifies as exempt sales work while other work is promotional work of the type that qualifies for the administrative exemption but neither type of work is that RSR's primary duty.  Plaintiffs have not attempted to explain to Defendants why the highly compensated exemption would be futile, but it clearly would not be to the extent that an RSR makes over $100,000 and satisfies a more limited duties test than is applicable to the administrative exemption.  29 U.S.C. § 541.601.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

**D.      Defendants' Motion Is Not Brought In Bad Faith.**

Courts generally have found bad faith only where the amendment was sought solely to cause delay, or defeat the Court's jurisdiction by adding parties.  See, e.g., Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir.) (motion to amend denied where intent was to delay dismissal).  There is no evidence whatsoever to support either finding here.

**II.      AMENDMENT TO THE ANSWER IS WARRANTED UNDER RULE 16(B).**

When a party satisfies the requirements of Rule 15(a) and seeks to amend the pleadings after the deadline set by the court, amendment is appropriate upon a showing of "good cause." Algee, 2011 WL 6779324, at *1 (citing Mammoth Recreations, 975 F.2d at 608).  The Ninth Circuit's good cause inquiry focuses on whether the party seeking modification acted diligently and whether granting amendment comports with the underlying purpose of Rule 16.  Id.; C.F. v. Capistrano Unified Sch. Dist., 656 F. Supp. 2d 1190, 1193, 1196-97 (C.D. Cal. 2009).  "Where ... the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed."  U.S. v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).[9]

Here, the Court should grant Defendants' motion because amendment comports with the underlying purpose of the rule.  See Capistrano, 656 F. Supp. 2d at 1196-98 (allowing amendment, in large part, because amendment comported with  purpose of Rule 16(b) which is "to facilitate judicial control over a case and set a schedule for pretrial steps" and holding that "allowing the amendment comports with the underlying purpose of Rule 16(b)" because "raising the defense at this point, as opposed to earlier in the litigation, has created no meaningful issues of case management and has not impaired the efficient adjudication of the action.")  As discussed above, amendment will not result in undue delay, does not prejudice Plaintiffs, and should not materially alter the Court's schedule.  Conversely, denial of amendment deprives Defendants of

---

[9]      To the extent the Court finds good cause under Rule 16(b), amendment should only be denied to the extent that it is futile.  Algee, 2011 WL 6779324, at *2.  For the reasons discussed above, amendment is not futile.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

1   the right to assert colorable defenses.  Under these circumstances, the Court should allow

2   amendment. Id; First Nat'l Bank, 652 F.2d at 887.

3          The Court should also grant Defendants' motion because Defendants have acted diligently

4   under the circumstances.  Evolution of the law is relevant to a court's assessment of whether a

5   party acted diligently. See, e.g., Capistrano, 656 F. Supp. 2d at 1193, 1195 (concluding that

6   defendants did not fail to act diligently even though they did not seek to plead the defense of

7   qualified immunity until after the deadline set forth in the scheduling order had passed when

8   subsequent legal rulings by the court increased the likelihood that the defense would succeed);

9   Algee, 2011 WL 6779324, at *2 (finding that good cause for amendment existed after the

10  Supreme Court established that the FAA preempted California law holding class action waivers to

11  be unconscionable because the holding impacted claims in the case).  Here, the law has continued

12  to evolve favorably with respect to applicability of the administrative exemption.    While the

13  Third Circuit first applied the administrative exemption in factually similar circumstances in

14  Smith v. Johnson & Johnson, in recent months this application has gained even more widespread

15  acceptance, culminating in the Seventh Circuit's endorsement in Schaeffer-LaRose on May 8,

16  2012. See supra at 11-12.  Additionally, as discussed at length above, Defendants had no reason

17  to assert the administrative exemption and other exemptions earlier because discovery was stayed

18  pending completion of mediation and the Court's resolution of the parties' cross motions for

19  summary judgment on Plaintiffs' state law overtime claims.

20         The Court should grant Defendants' motion because they acted diligently under the

21  circumstances and because "refusal to allow [the requested] modification might result in injustice

22  while allowance would cause no substantial injury to the opponent and no more than slight

23  inconvenience to the court." First Nat'l Bank, 652 F.2d at 887.

24

25

26

27

28

13

**CONCLUSION**

For the reasons stated herein, Defendants have good cause to seek leave to amend their Answer, and amendment will neither prejudice the Plaintiffs nor compromise the Court's efficient management of this matter.  Accordingly, the Court should grant Defendants' motion to amend pursuant to Rules 15(a) and 16(b).

DATED:  May 11, 2012                                    Respectfully submitted,

/s/ Justin S. Brooks
John S. Battenfeld
MORGAN, LEWIS & BOCKIUS  LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA  90071-3132
Tel:  (213) 612-2500
Fax: (213) 612-2554
jbattenfeld@morganlewis.com

Michael J. Puma (admitted *pro hac vice*)
Justin S. Brooks (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
mpuma@morganlewis.com
justin.brooks@morganlewis.com

Counsel for Defendant Sara Lee Corporation,
Sara Lee Bakery Group and Earthgrains
Baking Companies, Inc.

14