**SPIRO MOORE LLP**
Ira Spiro (SBN 67641)
 ira@spiromoore.com
Jennifer L. Connor (SBN 241480)
 jennifer@spiromoore.com
11377 W. Olympic Blvd 5th Floor
Los Angeles, CA 90064
Telephone:  310-235-2468
Facsimile:   310-235-2456

**GIGLIOTTI & GIGLIOTTI, LLP**
Joseph J. Gigliotti, (SBN 144979)
 gigliottilaw@msn.com
2501 Rancho Parkway S., Ste. 101
Lake Forest, CA 92630
Tel: (949) 305-8202
Fax: (949) 305-8239

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID M. CATHCART, JAMES H. WHITEHEAD, ROBERT W. DECKER, DALE BALDISSERI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SARA LEE CORPORATION, SARA LEE BAKERY GROUP, EARTHGRAINS BAKING COMPANIES, INC. (formerly sued as DOE 1) and DOES 2 through 20,<br><br>Defendants. | Case No. CV 09-5748 MMC<br><br>**[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION FOR SETTLEMENT PURPOSES; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT** |

On December 14, 2012, this matter came on for hearing upon the Plaintiffs' unopposed motion for final approval of the settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a. The Court has jurisdiction over the subject matter of the above-captioned action, the Class Representatives, Defendants Sara Lee Corporation, Sara Lee Bakery Group, and Earthgrains Baking Companies, Inc. ("Defendants") and all members of the Settlement Class, which consists of all individuals employed by Defendant Earthgrains Baking Companies, Inc. ("Earthgrains") or alleged to be employed by the other Defendants in the position of "Route Sales Representative or" "Driver Salesman" – as defined in the two collective bargaining agreements that have been addressed in this action – for at least one day between December 8, 2005 and August 10, 2012, the entry date of the Preliminary Approval Order (collectively the "Settlement Classes" or "Settlement Class Members").

b. The term Stipulation shall refer to the Joint Stipulation of Class Settlement and Release filed by the parties in this case in connection with their application for preliminary approval and final approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

c. The Court grants final approval of the parties' Settlement on the terms set forth in the Stipulation.

d. The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") and Claim Form constituted the best notice practicable

under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate and ample efforts were made to contact Settlement Class members to allow them to participate. These papers informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Settlement Class Members objected to the Settlement, and only two (2) individuals opted out of the Settlement.

e. The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court has certified a class of all Settlement Class Members, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f. The Court finds, for settlement purposes only, that the Settlement Class Members meet the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act.

g. The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just,

|   |   |   |
|---|---|---|
| 1 |   | reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendants (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation. |

    h.    Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, namely:

        1) A. Valerio associated with Employee ID No. 90009031; and

        2) M. Hugais associated with Employee ID No. 90031063,

all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Settlement Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

    i.    By this Judgment, each Class Representative shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged Defendants and their past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, all in their individual and corporate capacities, (collectively the "Released Parties") from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the date that this Order becomes Final, including, but not limited to, those which: (a) were pled in the Action; and/or or (b) could have been pled and which are based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii)

1 alleged failure to pay minimum wages, (iii) alleged failure to provide meal
2 periods, (iv) alleged failure to provide itemized or accurate wage
3 statements, (v) alleged failure to timely pay wages due, before or after the
4 end of employment, (vi) any statutory, constitutional, regulatory,
5 contractual or common law claims for wages, damages, litigation costs,
6 unfair business practices, unfair competition (including, without
7 limitation, claims arising under California Bus. & Prof. Code sections
8 17200 *et seq*.); and (c) this release includes any and all of the following
9 based on any of the matters released by the foregoing: penalties (including
10 those arising under PAGA), liquidated damages, punitive damages,
11 interest, attorneys' fees, litigation costs, restitution, and equitable relief
12 (collectively "Class Representatives' Released Claims").

13 j. By this Judgment, each Settlement Class Member who has not validly and
14 timely requested exclusion from the Settlement by opting out (including
15 the Class Representatives and Claimants), shall be deemed to have, and by
16 operation of the Judgment shall have, fully, finally, and forever released
17 and discharged the Released Parties from any and all claims, obligations,
18 causes of action, actions, demands, rights, and liabilities of every kind,
19 nature and description, whether known or unknown, whether anticipated
20 or unanticipated, arising prior to the deadline to opt-out of the settlement
21 as stated in the Class Notice or October 31, 2012, whichever occurs first,
22 which arise under state or local or regulation and: (a) were pled in the
23 Action; and/or or (b) could have been pled and which are based on any of
24 the following: (i) alleged failure to pay any type of overtime wages, (ii)
25 alleged failure to pay minimum wages, (iii) alleged failure to provide meal
26 periods, (iv) alleged failure to provide itemized or accurate wage
27 statements, (v) alleged failure to timely pay wages due, before or after the
28 end of employment, (vi) any statutory, constitutional, regulatory,

contractual or common law claims for wages, damages, litigation costs, unfair business practices, unfair competition (including, without limitation, claims arising under California Bus. & Prof. Code sections 17200 *et seq*.); and (c) this release includes any and all of the following based on any of the matters released by the foregoing (a) and (b) above: penalties (including those arising under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief (collectively "Participating Class Members' Released Claims").

k. By this Judgment, each and every Claimant (including the Class Representatives) shall be deemed to have, and by operation of the Judgment shall have, also fully, finally, and forever released and discharged the Released Parties from (in addition to the Participating Class Members' Released Claims) any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising prior to the date the Claimant signs his or her Claim Form that were asserted or could have been asserted in the action pursuant to the FLSA based any of the following: (i) alleged failure to pay wages, (ii) alleged failure to pay overtime wages, (iii) alleged failure to pay straight time wages, (iv) alleged failure to pay minimum wages, (v) meal periods, (vi) premium pay for meal periods and this release includes any and all of the following based on any of the matters provided for above in this paragraph: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief ("Claimants' Released Claims").

l. By this Judgment, Class Counsel hereby releases all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and

|   |   |   |
|---|---|---|
| 1 |   | description for attorneys' fees, costs, and expenses against the Defendants |
| 2 |   | and Released Parties arising on or before the date that the Final Approval |
| 3 |   | Order becomes Final ("Class Counsel's Released Claims"). |
| 4 | m. | Neither the Stipulation nor the Settlement contained therein, nor any act |

performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Released Parties, or whether class or collective action certification is warranted in this action or any other proceeding or that decertification is not warranted in this action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

n. The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and Settlement Class Members (other than those who timely filed valid written requests for exclusion from the Class) from prosecuting any of the Participating Class Members' Released Claims, also permanently barring the Class Representatives and Claimants from prosecuting any of the Claimants' Released Claims, also permanently barring the Class Representatives from prosecuting any of the Class Representatives' Released Claims, and also permanently barring

Class Counsel from prosecuting any of the Class Counsel's Released Claims.

o.  The Court hereby orders the appointment of David M. Cathcart, James H. Whitehead, and Dale Baldisseri as Class Representatives for the Settlement Class for purposes of the Settlement.  The Court is informed that named-plaintiff Robert W. Decker passed away on October 21, 2012, after preliminary approval, but prior to final approval of the Settlement. The Court hereby orders the appointment of Ira Spiro and Jennifer Connor of Spiro Moore LLP and Joseph Gigliotti of Gigliotti & Gigliotti LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

p.  The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Fund to Claimants, Class Counsel and Class Representatives shall be done in accordance with the terms outlined in the Class Notice and Stipulation. Pursuant to the Class Notice and Stipulation, Defendant Earthgrains Baking Companies, Inc. ("Earthgrains") shall pay One Million Two Hundred Fifty Thousand Dollars and No Cents ($1,250,000.00) to fund a Qualified Settlement Fund.  Other than Earthgrains' payment to the Qualified Settlement Fund, Defendants shall not be required to make any payments in connection with the Settlement.  The following payments shall be paid out of the Qualified Settlement Fund:  (i) Class Counsel's attorneys' fees and costs in this matter; (ii) payment of reasonable fees to the Settlement Administrator for its services; (iii) a payment of $3,000 to the Labor Workforce Development Agency ("LWDA"); (iv) Earthgrains' share of payroll taxes on the Settlement Payments (paid from any reversion to Earthgrains); and (v) enhancement payments to the Class Representatives.  The Court finds that these payments are fair and

reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees of $312,500 and costs of $16,000 as of the date of disbursement. The Court also hereby approves the payment of settlement administration costs in the amount of $21,432.50 to Simpluris, Inc., the Settlement Administrator for services rendered in this matter. The enhancement awards to the Class Representatives in an amount of $6,000 per Class Representative are approved, including an unopposed amount of $6,000 to the beneficiary of recently deceased named-plaintiff Robert W. Decker.

q. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, the LWDA, and Class Representatives in accordance with the terms of the Stipulation. Those payments come out of the total Qualified Settlement Fund provided for in the Stipulation. After deducting the foregoing, the remaining shall constitute the Net Settlement Fund, and the Settlement Administrator shall distribute payments of Settlement Shares to Claimants, subject to the 33% minimum distribution, pursuant to the terms of the Stipulation.

r. The unclaimed Settlement Shares and uncashed Settlement Share checks shall revert to Earthgrains as set forth in the Stipulation.

s. The Defendants shall also cause to be posted in a centralized location at every depot where Class Members who are still RSRs work the relevant Collective Bargaining Agreement provisions pursuant to the terms of the Stipulation.

t. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representatives, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation,

enforcement, construction, administration and interpretation of the Settlement and this Judgment.

u. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: December 14, 2012

_____
The Honorable Maxine M. Chesney
United States District Court Judge